Anne M. HUDAK, M.D., Appellant

v.

Arlene CAMPBELL, The Estate of Danny Campbell, Brian Campbell, and Davis Campbell, Appellees.

No. 05–07–00017–CV.

Court of Appeals of Texas, Dallas.

Sept. 5, 2007.

Linda M. Stimmel, Kenneth W. Braxton, Stewart & Stimmel, L.L.P., Dallas, for Appellant.

Frederick H. Shiver, Russell & Shiver, L.L.P., John B. Kronenberger, Thompson, Coe, Cousins & Irons, LLP, Dallas, for Appellee.

Before Justices MOSELEY, O'NEILL, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Appellant Anne M. Hudak, M.D. was sued for medical malpractice based on her treatment of appellees' decedent, Danny Campbell. Campbell was a patient of Pate's Rehabilitation Endeavors, Inc. Hudak filed her Motion to Dismiss Pursuant to TCPRC Section 101.106 (the "Motion to Dismiss"), seeking dismissal from the lawsuit on the basis of the "Election of Remedies" section of the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2005). In the Motion to Dismiss, Hudak alleged she was an employee of a governmental entity, that she was in the general course of her employment when the alleged malpractice occurred, and that the malpractice claim could have been brought against her employer. *See id.* The trial court denied the Motion to Dismiss. Hudak filed a Notice of Accelerated Appeal "under the provi-

sions of Texas CPRC Section 51.014[a](5)."[1]

■ As a general rule, our jurisdiction is limited to the review of final judgments. *See id.* § 51.012. Section 51.014(a) of the civil practice and remedies code contains the list of orders from which a person may take an interlocutory appeal. This section must be strictly construed; it provides the narrow exceptions to the general rule that only final judgments are appealable. *See Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001). The section allows interlocutory appeal from an order that:

> denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

TEX. CIV. PRAC. & REM.CODE § 51.014(a)(5).

■ However, even if we assume (without deciding) that Hudak is a governmental employee under the relevant statutory definition, she is not appealing the denial of a motion for summary judgment. We do not reach this conclusion based merely on the title of the Motion to Dismiss. Rather, we look to the nature of the motion. A motion for summary judgment implicates very specific procedural safeguards, levels and burdens of proof, and standards of review. *See* TEX.R. CIV. P. 166a; *see also Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222–23 (Tex.1999)

(summarizing same). Summary judgment safeguards are strictly enforced. *See, e.g., Jones v. Ill. Employers Ins. of Wausau,* 136 S.W.3d 728, 735 (Tex.App.-Texarkana 2004, no pet.) (twenty-one-day notice requirement strictly enforced by courts) (citing *Lewis v. Blake,* 876 S.W.2d 314, 316 (Tex.1994)). The record before us does not indicate any of the procedural safeguards or levels and burdens of proof associated with motions for summary judgment were applied by the trial court to the Motion to Dismiss.

In *Phillips v. Dafonte,* 187 S.W.3d 669, 675 (Tex.App.-Houston [14th Dist.] 2006, no pet.), the court concluded the procedural vehicle through which a defendant raises a claim of immunity under section 101.106(f) is "inconsequential." We decline to follow this reasoning. The long-standing requirements of rule 166a cannot be abandoned as "inconsequential," especially when the result is an inappropriate extension of our statutory jurisdiction.

Section 51.014(a) does not grant the right of interlocutory appeal following the denial of a motion to dismiss pursuant to section 101.106(f) of the civil practice and remedies code. Accordingly, we dismiss this appeal for want of jurisdiction.

---

1. In a filing separate from the Motion to Dismiss, Hudak objected to the sufficiency of the plaintiffs' expert report, which was served pursuant to section 74.351 of the civil practice and remedies code. The trial court denied the Motion to Dismiss and those objections to the sufficiency of the expert report in the same order. In her brief's "Statement of the Case," Hudak states this appeal is provided for in section 51.014(a)(9), which allows an interlocutory appeal from an order that "denies all or part of the relief sought by a motion under Section 74.351(b)," concerning expert reports. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon 2005). However, Hudak's interlocutory appeal is limited to her arguments under section 101.106(f) and does not address expert report issues in any way. Further, our record does not contain the expert report, the section 74.351(b) motion to dismiss, or any response. Thus, section 51.014(a)(9) cannot provide a basis for this interlocutory appeal.