Reversed and Rendered and Opinion filed September 25, 2008








Reversed and
Rendered and Opinion filed
September 25, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00932-CV

____________

 

RAYMOND A. SINGLETON, WALTER A.
HAMMANN IV, AND THE CITY OF LEAGUE CITY, TEXAS, SUED DIRECTLY AND THROUGH THE
LEAGUE CITY POLICE DEPARTMENT, Appellants

 

V.

 

KENNETH L. CASTEEL, Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 07CV0652

 



 

O P I N I O N








In this interlocutory appeal, appellants the City of League
City, Texas (Athe City@) and League City
police officers Raymond Singleton and Walter Hammann (collectively Athe officers@) appeal the trial
court=s order denying their
motion to dismiss.  In their sole issue on appeal, appellants contend the trial
court erred in denying their motion to dismiss the claims filed by appellee,
Kenneth Casteel, against the officers because the claims are barred by section
101.106 of the Texas Civil Practice and Remedies Code.  We reverse the trial
court=s order and render
judgment dismissing the claims against the officers.

I.  BACKGROUND

On June 11, 2007, Casteel filed a lawsuit against the City,
the League City Police Department (Athe Department@), and the
officers.  In his suit, Casteel asserted claims of (1) malicious prosecution
against the City, the Department, and the officers, (2) negligent hiring and
negligent formation and/or implementation of policy against the City and the
Department, and (3) civil conspiracy and intentional infliction of emotional
distress against the officers.[1] 
The City, the Department, and the officers subsequently filed an answer which
included, among other things, a motion to dismiss the claims against the
officers pursuant to section 101.106 of the Texas Civil Practice and Remedies
Code.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.106 (Vernon 2005).[2] 
Following a hearing, the trial court denied the motion to dismiss Casteel=s claims against
the officers.[3]

II.  ANALYSIS

In their sole issue, appellants contend the trial court
erred in denying their motion to dismiss Casteel=s claims against
the officers because the claims are barred by section 101.106 of the Texas
Civil Practice and Remedies Code.








A.      Standard of Review

Appellate courts have jurisdiction to consider immediate
appeals of interlocutory orders only when a statute explicitly confers such
jurisdiction.  Texas A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 840
(Tex. 2007).  Section 51.014(a)(5) of the Texas Civil Practice and Remedies
Code authorizes an appeal from an interlocutory order of a trial court denying Aa motion for
summary judgment that is based on an assertion of immunity by an individual
who is an officer or employee of the state or a political subdivision of the
state.@  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(5)
(Vernon Supp. 2007) (emphasis added).  However, we have held that section
51.014(a)(5) also confers jurisdiction upon us to consider an interlocutory
appeal based upon a trial court=s denial of a motion to dismiss filed
pursuant to section 101.106.  See Escalante v. Rowan, 251 S.W.3d 720, 727
(Tex. App.CHouston [14th Dist.] 2008, pet. filed) (concluding
that by alleging immunity as employees of State, defendant doctors entitled
themselves to interlocutory appeal even though they may have used Awrong@ procedural
vehicle to raise immunity defense); Phillips v. Dafonte, 187 S.W.3d 669,
672B74 (Tex. App.CHouston [14th
Dist.] 2006, no pet. (same).[4] 
Here, appellants timely filed a notice of interlocutory appeal.








Generally, we review a trial court=s order on a
motion to dismiss under an abuse of discretion standard.  Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001); Kanlic
v. Meyer, 230 S.W.3d 889, 892 (Tex. App.BEl Paso 2007, pet.
denied).  However, the proper standard of review is not necessarily determined
by the type of motion to which the trial court=s order pertains,
but rather by the substance of the issue to be reviewed.  See In re Doe,
19 S.W.3d 249, 253 (Tex. 2000) (concluding that to determine proper standard of
review, Awe must determine
whether the [issue] is a question of fact or of law@).  Here,
appellants= motion raised an issue of official immunity under
section 101.106 of the Texas Tort Claims Act.  If official immunity applies,
the trial court lacks subject matter jurisdiction over the case.  Texas Dep=t of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004).  Subject matter jurisdiction is a
question of law which we review de novo.  Id. at 226.  Likewise, matters
of statutory construction are reviewed under a de novo standard.  City of
San Antonio v. Boerne, 111 S.W.3d 22, 25 (Tex. 2003).

B.      Section
101.106 of the Texas Tort Claims Act








The Texas Tort Claims Act provides a limited waiver of
immunity for certain suits against governmental entities and caps recoverable
damages.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 101.023 (Vernon 2005).  After the Tort
Claims Act was enacted, however, plaintiffs often sought to avoid the Act=s damages cap or
other strictures by suing governmental employees because claims against them
were not always subject to the Act.  Mission Consol. Indep. Sch. Dist. v.
Garcia, 253 S.W.3d 653, 656 (Tex. 2008) (citing Michael S. Hull et al., House
Bill 4 and Proposition 12: An Analysis with Legislative History, Part Three:
Detailed Analysis of the Medical Liability Reforms, 36 Tex. Tech. L. Rev. 169, 290B93 (2005)).  To
prevent such circumvention, and to protect government employees, the Texas
Legislature created an election-of-remedies provision.  Id.  As
originally enacted, section 101.106 barred any action against governmental
employees after claims against the governmental unit were reduced to a judgment
or settled.[5] 
While employees were thus afforded some protection when claims against the
governmental unit were reduced to judgment or settled, there was nothing to
prevent a plaintiff from pursuing alternative theories against both the
employee and the governmental unit through trial or other final resolution.  Id.

In 2003, as part of its comprehensive tort reform efforts,
the Texas Legislature amended section 101.106.  Id.  That section,
entitled AElection of Remedies,@ now provides:

(a) The filing of a suit under this Chapter against a governmental unit
constitutes an irrevocable election by the plaintiff and immediately and
forever bars any suit or recovery by the plaintiff against any individual
employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit
constitutes an irrevocable election by the plaintiff and immediately and
forever bars any suit or recovery by the plaintiff against the governmental
unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall
immediately and forever bar the claimant from any suit against or recovery from
any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall
immediately and forever bar the party obtaining the judgment from any suit
against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental
unit and any of its employees, the employees shall immediately be dismissed on
the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based
on conduct within the general scope of that employee=s employment and if it could have
been brought under this chapter against the governmental unit, the suit is
considered to be against the employee in the employee=s official capacity only.  On the
employee=s motion, the suit against the
employee shall be dismissed unless the plaintiff files amended pleadings
dismissing the employee and naming the governmental unit as defendant on or
before the 30th day after the date the motion is filed.

As the
Texas Supreme Court recently explained in Garcia,








The revision=s apparent purpose was to force a
plaintiff to decide at the outset whether an employee acted independently and
is thus solely liable, or acted within the general scope of his or her
employment such that the governmental unit is vicariously liable, thereby
reducing the resources that the government and its employees must use in
defending redundant litigation and alternative theories of recovery.  By
requiring a plaintiff to make an irrevocable election at the time suit is filed
between suing the governmental unit under the Tort Claims Act or proceeding
against the employee alone, section 101.106 narrows the issues for trial and
reduces delay and duplicative litigation costs.

Id. at 657.

C.      Appellants= Motion to Dismiss
the Officers Under Section 101.106 

In his suit, Casteel brought claims against both the City
and the officers, Hammann and Singleton.  Against the City, he alleged
negligent hiring and negligent formation and/or implementation of policy,
against both the City and the officers he alleged malicious prosecution, and
against the officers alone he alleged civil conspiracy and intentional
infliction of emotional distress.[6] 
The City and the officers subsequently moved the trial court to dismiss the
claims brought against the officers pursuant to section 101.106(e).  Following
a hearing, the trial court denied the motion.








Section 101.106(e) provides, AIf a suit is filed
under this chapter against both a governmental unit and any of its employees,
the employees shall immediately be dismissed on the filing of a motion by the
governmental unit.@  Appellants argue that because Casteel
brought claims under the Tort Claims Act against both the City and the
officers, the officers were entitled to dismissal of Casteel=s claims against
them upon appellants= filing of a motion to dismiss.  Casteel
acknowledges that his suit against the City was brought under the Tort Claims
Act but contends that his tort claims against the officers could not be Afiled under@ the Act because Athe State has not
waived sovereign immunity for intentional torts.@  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.057(2) (AThis chapter does
not apply to a claim . . . arising out of assault, battery, false imprisonment,
or any other intentional tort. . . .@ (emphasis
added)).  Thus, he concludes, because his claims against the officers were not
brought under the Act, section 101.106(e) does not apply.  Therefore, we must
determine whether Casteel=s claims against the officers were brought
under the Tort Claims Act.

The Texas Supreme Court=s recent decision
in Mission Consolidated Independent School District v. Garcia controls
our disposition of this appeal.  In Garcia, three former school district
employees filed identical lawsuits (later consolidated on appeal) against the
school district and its superintendent.  253 S.W.3d at 654B55.  Specifically,
the employees alleged (1) discriminatory wrongful discharge in violation of the
Texas Commission on Human Rights Act (ATCHRA@) against the
school district, (2) intentional infliction of emotional distress against the
school district and the superintendent, and (3) defamation, fraud, and
negligent misrepresentation against the superintendent.  Id.  The school
district filed a plea to the jurisdiction contending that recovery against it
was barred pursuant to section 101.106(b) of the Tort Claims Act.  Id.[7] 









The trial court denied the school district=s jurisdictional
plea, and the court of appeals affirmed, holding that section 101.106 was
inapplicable to the case.  Mission Consol. Indep. Sch. Dist. v. Garcia,
166 S.W.3d 902, 903 (Tex. App.CCorpus Christi 2005), aff=d in part, 253 S.W.3d 653
(Tex. 2008).  The court of appeals concluded that only subsection (e) of the
election-of-remedies provision, not (b), could apply to the case because the
school district and the superintendent were sued together.  See id. at
905.  The court of appeals then read subsection (e)=s express
application to Asuit[s] . . . filed under this chapter@ to mean that, in
order for the Tort Claims Act=s election-of-remedies provision to apply,
the plaintiff=s suit had to be one for which the Act actually waived
immunity.  See id.  Reasoning that because the employees= suit against the
school district was not one for which the Act waives immunity, the court of
appeals concluded that section 101.106 had no application.  See id.

The Texas Supreme Court rejected the appellate court=s interpretation. 
Garcia, 253 S.W.3d at 658.  It began its analysis by examining the
effect subsection (e) would have on the employees= suit if it were
applied.  See id.  Addressing the appellate court=s reasoning that
none of the employees= claims were brought Aunder this chapter@ because they did
not fit within the Tort Claims Act=s waiver, and
therefore section 101.106(e) did not apply, the Court stated, 

[W]e have never interpreted Aunder this chapter@ to only encompass tort claims for which the Tort Claims
Act waives immunity. . . .  Because the Tort Claims Act is the only, albeit
limited, avenue for common-law recovery against the government, all tort
theories alleged against a governmental unit, whether it is sued alone or
together with its employees, are assumed to be Aunder [the Tort Claims Act]@ for purposes of section 101.106.

Id. at 658B59.  Having
concluded that the employees= tort claims were not excluded from
section 101.106(e)=s application, the Garcia court
then determined that if subsection (e) were applied to the case, the
superintendent would be entitled to dismissal of the employees= suit against him
upon the school district=s filing of a motion.  See id. at
659.[8] 
The court held that Athe Act=s election scheme
governs all suits against a governmental unit, and that its application here
bars all common-law recovery against the superintendent and the school
district.@  Id. at 654.








In light of the holding in Garcia, Casteel=s contention that
section 101.106(e) does not apply because his tort claims against the officers
are not ones for which the Act has waived immunity, and thus were not Afiled under@ the Act, is
without merit.[9] 
Other courts of appeals have reached the same conclusion.  See, e.g., Brown
v. Xie, No. 01-05-00137-CV, __ S.W.3d __, 2008 WL 2208725, at *3 (Tex. App.CHouston [1st
Dist.] May 29, 2008, no pet. h.) (holding section 101.106 applied to suit
alleging intentional torts against hospital and individual employees and that
employees were entitled to dismissal from suit under section 101.106(e)); Texas
Bay Cherry Hill, L.P. v. City of Fort Worth, 257 S.W.3d 379, 400 (Tex. App.CFort Worth 2008,
no pet. h.) (finding all of plaintiff=s claims against
City were claims under Tort Claims Act for purposes of section 101.106); see
also City of Eagle Pass v. Wheeler, No. 04-07-00817-CV, 2008 WL
2434228, at *5 (Tex. App.CEl Paso June 18, 2008, no pet. h.) (mem.
op., not designated for publication) (concluding appellee=s argument that
claims against governmental employees, in lawsuit against governmental unit and
individual employees, were not barred under section 101.106(e) because
intentional torts claims could not be brought under Tort Claims Act was without
merit in light of Garcia decision); cf. Kelemen v. Elliot, No.
01-05-00795-CV, __ S.W.3d __, 2008 WL 2388105, at *4 (Tex. App.CHouston [1st
Dist.] June 12, 2008, no pet. h.) (holding in lawsuit brought against City and
police officer, where claims falling under Tort Claims Act were filed only
against officer and claims against City alleged statutory violations only,
section 101.106(e) did not bar claims against officer because lawsuit did not
assert tort claims against both officer and City).








Pursuant to section 101.106(e), A[i]f a suit is
filed under this chapter against both a governmental unit and any of its
employees, the employees shall be immediately dismissed on the filing of a
motion by the governmental unit.@  Here, Casteel
filed suit alleging torts against both the City and the officers.  Because Aall tort theories@ are Aunder this chapter@ for purposes of
section 101.106, subsection (e) applies to Casteel=s tort claims.  See
Garcia, 253 S.W.3d at 659; Brown, 2008 WL 2208725, at *4.  Further,
both the City and the officers sought dismissal of the claims against the
officers under subsection (e).  Thus, Singleton and Hammann were entitled to
dismissal of Casteel=s claims against them.  

In his brief, Casteel urges us to follow the Fifth Circuit
and conclude that section 101.106 cannot be construed as a statutory bar to
intentional tort claims.  In Meadours v. Ermel, 483 F.3d 417 (5th Cir.
2007), the Fifth Circuit held that section 101.106 did not apply to intentional
tort claims.  Id. at 424.  In so holding, the Fifth Circuit recognized
that some Texas courts, relying on the Texas Supreme Court=s decision in Newman
v. Obersteller, 960 S.W.2d 621 (Tex. 1997), had concluded that section
101.106 encompassed intentional torts.  Meadours, 483 F.3d at 425.[10]  The Meadours court then stated,

However, Newman stands for the proposition that section 101.106
is an immunity statute, and not a bar. . . .  The [Newman] Court held
the Abars any action@ language of the former version of
section 101.106 Ais an unequivocal grant of immunity
in this context.@ . . . .  Newman never
explicitly held that section 101.106 should be applicable to intentional
torts.  In addition, Newman relied on the language of the prior version
of section 101.106.  Given the uncertainty of Newman=s applicability here, we feel
compelled to follow the plain language of section 101.057(2).  Thus, section
101.106 does not apply to these intentional tort claims.








Id.
at
424.  However, a reading of Garcia dispels any uncertainty about Newman=s continuing vitality and section
101.106=s applicability to intentional
torts.  In concluding that all tort theories are under the Tort Claims Act for
purposes of section 101.106, the Garcia court also re-affirmed its
holding in Newman v. Obersteller.  See Garcia, 253 SW.3d at 658B59.[11] 


We hold the trial court erred by denying appellants= motion to dismiss
the officers.  Accordingly, we sustain appellants= sole issue.

III.  CONCLUSION

We reverse the judgment of the trial court and render
judgment dismissing Casteel=s claims against Singleton and Hammann
pursuant to section 101.106(e) of the Texas Civil Practice and Remedies Code.

 

/s/      Leslie B. Yates

Justice

 

 

Judgment
rendered and Opinion filed September 25, 2008.

Panel
consists of Justices Yates, Guzman, and Brown.









[1]  These claims arise from Hammann and Singleton=s investigation of an altercation involving Casteel
and his common law spouse, Gwendolyn Krueger, in a parking lot in League City
on January 30, 2006.  On May 10, 2006, Singleton filed a police report
regarding the incident.  The Galveston County District Attorney=s office subsequently charged Casteel with evading
arrest.  On January 22, 2007, the criminal charge against Casteel was dismissed
due to insufficient evidence.





[2] In a previous suit filed on March 7, 2007, Casteel
alleged malicious prosecution against the City, the Department, and the
officers, and civil conspiracy and a civil rights violation under 42 U.S.C. ' 1983 against the officers.  Following removal of the
suit to federal court, Casteel filed an unopposed motion to dismiss the suit,
which was granted on May 4, 2007.  





[3]  Although the City and the Department were named as
individual defendants in the underlying suit, on appeal the City is named as an
appellant Asued directly and through the League City Police
Department.@





[4]  Other courts of appeals have interpreted section
51.014(a)(5) in a similar manner.  See, e.g., Lanphier v. Avis,
244 S.W.3d 596, 598B99 (Tex. App.CTexarkana
2008, pet. filed) (reviewing trial court=s
ruling on motion to dismiss, rather than motion for summary judgment, brought
under section 101.106(f)); Kanlic v. Meyer, 230 S.W.3d 889, 892 (Tex.
App.CEl Paso 2007, pet. denied) (same); see also Poland
v. Willerson, No. 01-07-00198-CV, 2008 WL 660334, at *7 (Tex. App.CHouston [1st Dist.] Mar. 13, 2008, pet denied) (mem.
op., not designated for publication); Karnes County v. Thomas, No.
04-06-00613-CV, 2007 WL 2261694, at *3 (Tex. App.CSan Antonio Aug. 8, 2007, no pet.) (mem. op., not designated for
publication).  But see Hudak v. Campbell, 232 S.W.3d 930, 931 (Tex. App.CDallas 2007, no pet.) (concluding section 51.014(a)(5)
does not grant right of interlocutory appeal following denial of motion to
dismiss pursuant to section 101.106(f)).





[5]  Former section 101.106 provided as follows: AA judgment in an action or a settlement of a claim
under this chapter bars any action involving the same subject matter by the
claimant against the employee of the governmental unit whose act or omission
gave rise to the claim.@  Act of May 17, 1985, 69th Leg., R.S., ch. 959, ' 1, 1985 Tex. Gen. Laws 3242, 3305 (current version at
Tex. Civ. Prac. & Rem. Code Ann. ' 101.106).





[6]  Casteel argues that his claim for malicious prosecution is only against
the officers.  However, a review of the pleadings reveals that, in paragraph 26
of his Original Petition, under AMalicious Criminal Prosecution,@ Casteel refers repeatedly to ADefendants.@  In paragraph 6, under the section
entitled AParties,@ he states that Singleton, Hammann,
the City, and the Police Department Aare sometimes collectively referred to herein as >Defendants.=@  Thus, Casteel=s malicious prosecution claim is
against both the City and the officers.  Moreover, that Casteel=s amended petitionCfiled after appellants filed their
motion to dismiss and the trial court denied itCdropped his claim of malicious prosecution against
the City is irrelevant to deciding whether the tort was brought against the
City.  See Brown v. Xie, No. 01-05-00137-CV, __ S.W.3d __, 2008 WL
2208725, at *3 (Tex. App.CHouston [1st Dist.] May 29, 2008,
no pet. h.) (concluding that plaintiff=s original petition, not amended petition, is proper
pleading to scrutinize in determining whether dismissal under section
101.106(e) is appropriate); Villasan v. O=Rourke, 166 S.W.3d 752, 762 (Tex. App.CBeaumont 2005, pet. denied)
(finding that amending petition does not avoid mandatory language of section
101.106(e) where dismissal of government employee is appropriate based on
original petition).





[7]  Section 101.106(b) provides that Athe filing of a suit against any employee of a
governmental unit . . .  immediately and forever bars any suit or recovery by
the plaintiff against the governmental unit regarding the same subject matter.@





[8]  However, the Garcia court also concluded that
the employees= suit under the TCHRA was not a suit Afiled under@
the Tort Claims Act and, thus, would not come within subsection (e)=s purview because section 101.003 of the Act expressly
provides that the remedies the Act authorizes Aare in addition to any other legal remedies,@ and the TCHRA provides a statutory remedy for
unlawful discrimination.  Garcia, 253 S.W.3d at 659.  Thus, the
employees= TCHRA claim against the school district was not
brought under the Tort Claims Act because it was brought pursuant to a waiver
of sovereign immunity existing apart from the Act.  See id.





[9]  Casteel=s argument that his lawsuit was not
filed under the Tort Claims Act because his initial suit filed on March 7,
2007, which was subsequently dismissed, did not mention or invoke the Act, is
equally unpersuasive.  See Texas Bay Cherry Hill, L.P. v. City of Fort Worth,257
S.W.3d 379, 400 (Tex. App.CFort Worth 2008, no pet. h.) (concluding that all of plaintiff=s claims against City were claims Aunder@ Tort Claims Act for purposes of section 101.106
despite fact that plaintiff did not invoke or refer to Act in its pleadings).





[10]  In Newman, the court held
that former section 101.106=s limiting
phrase Aunder this chapter@
operated to bar an intentional tort claim against an employee after a final
judgment on a claim involving the same subject matter had been rendered against
the governmental unit, even though the Act by its terms expressly excluded
intentional torts from the scope of the Act=s
immunity waiver.  See Newman, 960 S.W.2d at 622B23.





[11]  Moreover, we note Fifth Circuit precedent is not
binding upon Texas courts.  See Penrod Drilling Corp. v. Williams, 868
S.W.2d 294, 296 (Tex. 1993); Mohamed v. Exxon Corp., 796 S.W.2d 751, 753
(Tex. App.CHouston [14th Dist.] 1990, writ denied).