**AUSTIN STATE HOSPITAL, Dr. Vikar Nuzhath, and Dr. Erik Lindfors, Appellants,**

v.

**Joel GRAHAM, Appellee.**

**No. 05–09–01312–CV.**

Court of Appeals of Texas, Dallas.

Aug. 4, 2010.

Bridget Lynn McKinley, Austin, TX, for Appellants.

Marisa M. Schouten, Martin Walker, P.C., Tyler, TX, for Appellee.

Before Justices MORRIS, BRIDGES, and FILLMORE.

## OPINION

Opinion By Justice MORRIS.

This is an interlocutory appeal from the trial court's denial of a motion to dismiss. After reviewing the record, we conclude the order at issue is not appealable under section 51.014 of the Texas Civil Practice and Remedies Code. Accordingly, we dismiss this appeal for want of jurisdiction.

### I.

On May 12, 2009, Joel Graham filed suit against appellants Austin State Hospital, Dr. Vikar Nuzhath, Dr. Erik Lindfors and others alleging claims under the Texas Medical Liability and Insurance Improvement Act. On June 2, Austin State Hospital filed a motion to dismiss its employees Dr. Nuzhath and Dr. Lindfors from the suit pursuant to section 101.106(e) of the Texas Civil Practice and Remedies Code.[1] One week later, Graham filed a notice of non-suit as to the hospital only.

On June 11, the hospital, Dr. Nuzhath, and Dr. Lindfors filed an objection to the non-suit and requested a ruling on the hospital's motion to dismiss. The doctors also filed their own motion to dismiss under section 101.106(e). In its October 8, 2009 order, the trial court specifically denied only the motion to dismiss filed by the doctors. It did not rule on the hospital's previously filed motion. The hospital and the doctors then brought this appeal chal-

---

1. Section 101.106(e), which falls under the "Election of Remedies" portion of the Texas Tort Claims Act, states that if a plaintiff files suit under the Act against both a governmental unit and any of its employees, "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM.CODE ANN § 101.106(e) (Vernon 2008).

lenging the trial court's interlocutory order.

## II.

■ As a general rule, appeals may be taken only from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001). Section 51.014 of the Texas Civil Practice and Remedies Code provides a narrow exception to this general rule by allowing appeals of certain interlocutory orders. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon 2008); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex.2001). Because section 51.014 is a narrow exception, we strictly construe our jurisdiction under it. *See City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686 (Tex.App.-Dallas 2003, pet. denied).

Appellants contend we have jurisdiction over this appeal under two different subsections of section 51.014. They first assert that the trial court's order "denies a plea to the jurisdiction by a governmental unit" and their appeal is, therefore, permitted by section 51.014(a)(8). *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8); *see also, Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex.2007) (officers and employees of the state and its political subdivisions are "governmental units" for purposes of interlocutory appeal under section 51.014(a)(8)).[2] Appellants' motion to dismiss was not a plea to the jurisdiction, however, as required by section 51.014(a)(8). *See Jones v. Tex. Dept.*

*of Criminal Justice*, 318 S.W.3d 398, 402 (Tex.App.-Waco 2010, no pet. h.).

■ Appellants' motion to dismiss was made under section 101.106(e) of the Texas Civil Practice and Remedies Code. The Texas Supreme Court has held that section 101.106 is an immunity statute. *See Newman v. Obersteller*, 960 S.W.2d 621, 623 (Tex.1997). The immunity granted by the statute is an immunity from liability, however, not an immunity from suit that goes to the trial court's jurisdiction. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 640 (Tex.2004); *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 344 (Tex.1998). Immunity from liability is an affirmative defense that does not affect the court's jurisdiction to hear the case and cannot be raised by a plea to the jurisdiction. *See State v. Lueck*, 290 S.W.3d 876, 880 (Tex.2009); *City of Dallas*, 133 S.W.3d at 686. Accordingly, an order denying a motion to dismiss under 101.106(e) is not an order denying a plea to the jurisdiction and is not subject to appeal under section 51.014(a)(8). *See Jones*, 318 S.W.3d at 402.

■ Appellants next contend that this court has jurisdiction over this appeal under section 51.014(a)(5). Section 51.014(a)(5) allows a party to appeal from an interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the

---

**2.** Appellants argue that the denial of the doctors' motion to dismiss was also an "implicit denial" of the hospital's motion to dismiss, and they appear to be appealing this implicit denial along with the explicit denial of their motion. As stated above, however, Graham filed a notice of non-suit as to the hospital and, despite its appeal, it is no longer a party to this action. Furthermore, we disagree that there was an implicit denial of the hospital's motion to dismiss because the trial court's order specifically states that it is denying only the motion to dismiss filed by the doctors. Moreover, the doctors' motion could have been denied on grounds not applicable to the hospital. Finally, even if there was an implicit ruling on the hospital's motion to dismiss, we have no jurisdiction over the denial of that motion for the same reasons we have no jurisdiction over the explicit denial of the doctors' motion to dismiss.

state or a political subdivision of the state." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5). In *Hudak v. Campbell,* 232 S.W.3d 930 (Tex.App.-Dallas 2007, no pet.), this Court held that section 51.014(a)(5) does not grant the right of interlocutory appeal from an order denying a motion to dismiss under section 101.106 because a motion to dismiss under section 101.106 is not a motion for summary judgment as required by section 51.014(a)(5). *See id.* at 931.

Appellants attempt to distinguish *Hudak* by arguing that it addressed a motion to dismiss under section 101.106(f), whereas their motion to dismiss was made under section 101.106(e), which does not require the same evidentiary showing. Section 51.014(a)(5) makes no distinction, however, among the various burdens of proof required for assertions of different types of immunity. The section plainly states that any assertion of immunity must be made in a motion for summary judgment for the interlocutory order to be subject to appeal.

Appellants also attempt to distinguish *Hudak* on the ground that, in this case, the procedural safeguards of a summary judgment proceeding were present because appellee had sufficient notice of the hearings. First, the procedural safeguards relating to motions for summary judgment encompass far more than notice provisions and include both burdens of proof and standards of review. *See* TEX.R. CIV. P. 166a. Second, our narrow jurisdiction under section 51.014(a)(5) cannot be based on the fortuitous presence of those safeguards because to do so would expand the scope of the statute far beyond its clear language.

Based on the foregoing, we conclude that neither section 51.014(a)(8) nor section 51.014(a)(5) grants us the authority to review the interlocutory order at issue in this appeal. Accordingly, we dismiss this appeal for want of jurisdiction.