01-15-00247-CV

ACCEPTED
01-15-00247-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 1:26:44 PM
CHRISTOPHER PRINE
CLERK

Petition to Court of Appeals for Permission to Appeal

Trial Court No. **74756-CV**

IN THE

{_____} COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/19/2015 1:26:44 PM

CHRISTOPHER A. PRINE
Clerk

at Houston Texas

––––––––––––––––––––––––––––––––––––

AMELIA COLVIN

Appellant,

v.

B. SPENCER & Associates, P.C.

D/B/A SPENCER & ASSOCIATES

P.C. N/IDA THE SPENCER LAW FIRM

Appellee.

––––––––––––––––––––––––––––––––––––

Appealed from the 239TH DISTRICT Court of
*BRAZORIA COUNTY*, Texas

_____

APPELLANT'S PETITION FOR PERMISSION TO APPEAL
_____

*AMELIA COLVIN*

*PRO SE*
102 REDCLIFF GARDENS FLAT 8

LONDON ENGLAND SW10 9HH
Tel. USA *203 992 7334*

**STATEMENT OF THE CASE**

Appellant Amelia Colvin is the Defendant in this breach of contract and fraudulent inducement case. The Appellee is a law firm who represented Amelia Colvin from May 2009 until March 2010. This is a tortured history of Appellee suing Appellant over a period of 5 years. This is a declaratory judgment action arising from Spencer's representation of Colvin. Apellees have not won any of the claims she has made in two cases. Both pleadings for relief are identical; breach of contract and fraudulent inducement. This Appellate Court's decision on this interlocutory appeal will fully and finally resolve and dispose of the issues in this case.

In May 2009, Colvin approached Spencer seeking legal representation on a legal matter already underway in Brazoria County, Texas, in which Colvin was the Plaintiff. Spencer and Colvin negotiated the terms of Spencer's representation agreement which was signed in May, 2009. Spencer agreed to represent Colvin in the ongoing lawsuit in Brazoria County, Texas regarding property located in Brazoria County and insurance coverage related to the property (the "Homecomings suit"). In exchange, Colvin assigned Spencer a 40% interest in her recovery and promised to reimburse Spencer its expenses incurred during the prosecution of the litigation. Subsequently, Spencer filed a new litigation on behalf of Colvin in Brazoria county, which was removed to federal court in the Southern District of Texas, Houston Division (the "Balboa suit.") Colvin later learned that the 40% interest she agreed to in a lien with Spencer was barred by Texas Disciplinary Rule 1.08(h), which governs licensed attorneys and law firms, like Spencer, prohibits a lawyer from entering into a fee agreement which creates a contractual lien or security interest in the cause of

2

action which is the subject-matter of the litigation. Spencer specifically seeks enforcement of a fee agreement which purports to:

"Sell convey and assign to Spencer an interest, to the extent of the fees and costs due or to become due Spencer under this Agreement, in and to any and all of your claims and causes of action and in and to the proceeds recovered by Spencer as a result of, or in connection with, any action, compromise, settlement or judgment."[1]

Because the rights which Spencer seeks to enforce are derived by a contractual lien which is unenforceable, Defendant requests that the Court make a finding of fact that Spencer may not recover on her impermissible lien as to Homecomings and Balboa suits and monies.

There is no evidence in the record that Spencer advised Colvin that she was not required to sign the lien interest and that the lien Spencer sought was barred by Rule 108.a Colvin wa induced to  sign the attorney fee agreement. The firm lead counsel and Colvin did not agree on a number of issues during the representation. Lead Counsel and Colvin had personality issues and in December 2009 the firm told Colvin to find a new law firm to represent her which she did. Spencer fired Colvin and in March 2010 lead counsel wrote to colvin in an email that he intended to file a motion to withdraw on or about March 8, 2010 which he duly did.  Spencer sought to convert the 40% lien interest to quatum merit at a mediation which took place on June 16, 2010. Colvin was not represented by an attorney and the mediation lasted 8 hours. Spencer dictated the terms of the mediated agreement which colvin was induced and harassed to sign, in the agreement Spencer got full credit for the purported work she did during the representation $85,000 and $5142 in expense. Colvin thought this was the end of the relationship.

Apellees filed this current case in the sum of $160,471.01 Level 2 suit against Colvin Titled

---

[1]     *See* Spencer's MSJ, Exhibit 2, ¶ 7; *see also* Spencer's MSJ, ¶ 1.

In Rem $16,250.000 Deposited into the Registry of the Court and for Declaratory Judgment action against Colvin. Apellees seeks to re-intervene in the original lawsuit filed on May 25, 2011 in the 412th District Court cause number 46528. This is the basis of the attorney client fee agreement and the subject matter both suits. The 412th trial court dismissed the intervention and disposed of Apellees cause of action breach of contract and fraudulent inducement.

Apellees pleadings in the 239th case admit that they sued Colvin in the 412th for intervention, breach of contract and fraudulent and her intervention and claims were struck. Spencer pleads the trial Court for damages for attorney's fees in the sum of $160,471.01

The 239th claim also includes $19,866.23 for an intervention case in the 412th which she admits she has lost. Apellees allege that Colvin fraudulently induced her into giving up an agreed 40% contingency fee agreement in exchange for quantum merit of $90,000. Apellees further alleges that Colvin breached the agreement when she failed to hand over $11,634.41, of $32,500 Colvin received in a settlement with Balboa seven months after Spencer withdrew.

Not only did Spencer lose her 412th suit for intervention, she motioned the 239th Court "Pursuant to the settlement agreement between Colvin and Balboa, half of the settlement proceeds, totalling $16,250.00, was deposited into the Court's registry on December 14, 2011. As discussed above, Colvin currently owes Spencer at least $11,634.41 due to her failure to pay Spencer's lien, pursuant to the Agreement between Colvin and Spencer, out of the settlement proceeds Colvin already received from the Balboa Suit".  In response Colvin pled in the 412th "The court agreed with Colvin that Spencer had no justiciable interest in

4

the Balboa funds and released these funds to Colvin. Apellees suit is groundless, frivolous, brought for the purposes of harassment, and is Moot. These funds were released to Colvin in January 8, 2014.

Appellant was and is entitled to her attorney's fees in the sum of $21,547.93 as she prevailed in the 412th but this was not written into the order. Appellant pled for attorney's fees in the sum of $21,547.93 for the 239th motion to dismiss but this was also not granted.

Spencer has repeatedly willfully and intentionally interfered with Colvin's attorney relationships, causing two to withdraw, causing delays and increasing her costs is the proximate cause of the Appellants injury; and (4) actual damages/loss. Spencer now pleads in this case that she is entitled to ALL of the $16250. See her motion for default judgment and other pleadings. In fact Appellant motioned the 412th court to release the Balboa funds to her, and lost all 7 motions including a summary judgment.

Apellees admit that she is an attorney as is her client. Apellees response to Colvin motion to dismiss is that the 412th told her she "could sue Colvin in another Court". She produced no order from the 412th in support of her claim. This is a wholly nonsensical illegitimate response. She sued Colvin in this instant case 239th for fraudulent inducement and breach of contract.

Apellees sues for cause of action which has already fully and fairly litigated. There is no basis in law for the modification or reversal of law. In *Browning v. Placke,* this original mandamus proceeding presents the questions whether a District Court may declare void the judgment of another District Court. We hold that *absent showing that the prior Court lacked jurisdiction,* no such declaration is permissible. [2] As in that case, Apellees does not

---

[2] See *Austin Indep. Sch. Dist.,* 495 S.W.2d at 881. Appellant Wagner V Roberto Delorme

seek to "correct" the judgment, nor does she seek to "change" it and secure entry of a "correct judgment" in lieu thereof. Nor does Spencer seek to have the judgment vacated or set aside. Moreover, Apellees brings her attack in a different Court from the one that rendered the judgment under attack. A direct attack must be brought in the Court that rendered the judgment under attack because only that Court or a higher Court.

Appellant was not served the instant case until she got a certified letter noticing her that a default judgment was about to be taken against her. Appellant lives in London England Since 2011. Apellees are well aware of this fact. Appellant filed a Special appearance under rule 120 and motion to dismiss under rule 90.a . Appellant was not served with the case on appeal. Issues related to special appearance, jurisdiction of the trial court, statute of limitations, and res judicata have not been ruled on despite motions by Appellant timely filed before the trial court. Accelerated appeal will dispose of these issues and terminate the litigation.

## I. Proceedings in the 239th trial court.

1. After the 412th struck the appellants case for intervention, Spencer filed this lawsuit on **November 4 2013 in** the 239th district court of Brazoria County Texas. County, Texas, Honorable Patrick Sebesta presiding.

2. Appellant lives in London England and has not resided in Brazoria County or Texas since September 2008. Questions contained in this appeal pertain to service under the Hague convention and rules 106-108 for alternative service which impacts rulings on special appearance.

3. Colvin was not served with the lawsuit. The trial court record is void of a citation issued or return of citation of service compliant with rule 106-108 and/or the Hague convention.

4. In October 2014, Spencer sent a certified letter to James Andersen. She was noticing him that Spencer had filed for default judgment and a hearing was set for November 14, 2014 after Colvin failed to file an answer. Mr. Andersen is an attorney who is not related to this case. There was no permission from the trial court to serve Mr. Andersen with the notice of default judgment; no citation was enclosed in the certified letter.

5.	Upon receipt of the notice of default judgment hearing Colvin timely filed in due order Special appearance under TCPRC Rule 120.a and a motion to dismiss under rule 90.a on December 2, 2014.

6.	On December 11, 2014 the court denied the Plaintiffs motion for default judgment.

7.	The trial court has failed to rule on the Special Appearance. The time to rule on the special appearance passed on January 16, 2015.

8.	The trial court set the hearings for January 27, on its ancillary docket. It reset the hearings again for the following Friday February 6, 2015.  This date is well passed the 45 days for the hearing date set forth in the statute under rule 90.a .

9.	Because Colvin was not served with the court papers Colvin did not receive the record until after she filed her motion to dismiss and special appearance. Colvin did not have time to review the trial court record and amend her responses before the Court heard the Special appearance and Motion to Dismiss. It was after the motion to dismiss was filed that Colvin obtained the entire court record and understood that the record was void of a return of citation which the trial court ordered on February 24, 2014 and again on June 25, 2014 under rules 106-108.

10.	The questions to the appellate court include the trial courts failure to issue findings of fact and conclusions of law in the denial of motion to dismiss.

11.	Issues remain as to the appellees causes of action barred by res judicata, collateral estoppel, and issue preclusion from the 412th to the 239th.

12.	Colvin seeks appellate determination and should the court find in the affirmative, Colvin requests this court dismiss the appellees case with prejudice award costs and send this case back to the trial court for sanctions hearing.

13.	Colvin seeks a determination that strict compliance with Rules 106—108 must be followed.  Texas Rule of Civil Procedure 106 authorizes a court to order a substitute method of service. Tex. R. Civ. P. 106(b). "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." Tex. R. Civ. P. 107. When a trial court orders substituted service under Rule 106, the only authority for the substituted service is the order itself.  Dolly v. Aethos Commc'ns Sys., Inc., 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.); Broussard v. Davila, 352 S.W.2d 753, 754 (Tex. Civ. App.—San Antonio 1961, no writ).

a.	<u>Did Spencer follow the courts specific orders and if not, then service was not affected on Colvin, Colvin's special appearance must be sustained.</u>

14.	In an attempt to serve Colvin with the lawsuit, Appellees apparently sued Colvin's attorney Gary Riebschlager as a third party Defendant. However, Appellees failed to motion the court under TCPRC 33.004 or 06-108 prior to service seeking permission to add Mr. Riebschlager as a third party Appellant.

15. Texas Civil Practice & Remedies Code - Section 33.004. Designation Of Responsible Third Party requires § 33.004. DESIGNATION OF RESPONSIBLE THIRD PARTY Apellees did not file a motion with the court to grant leave to (f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person: 2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

16. Riebschlager was served on December 5, 2013 . No motion for substitute service was made or granted to add as a third party. The trial court had not made an order varying service on colvin until 2 months later on February 24, 2014. The citation was returned served naming Gary Riebschlager as a Defendant in this case.

a.      If the appellate court finds that service was not affected due to appellant's failure to comply with TCPRC 34.004 then was Mr. Reibshclager not a designated third party to this case?

b.      If the answer is in the affirmative, then Service was not affected on Mr., Riebschlager and Ms. Colvin. Special appearance must be sustained.

## II HAGUE CONVENTION

1.  Ms. Colvin habitual residence is London England. The United Kingdom and the United States are signatories to the Hague Convention. Should the Appellate Court find that Appellant was served through a third party Gary Riebschlager the question then becomes:

a.  Is Spencer required to follow the Hague Convention when affecting service on Colvin who resides outside the United States?

b.  If the answer is in the affirmative, then Colvin's special appearance must be sustained.

2.  Because Appellant lives in London and the United States and the United Kingdom are parties to the Hague Convention Is service proper and affected on Colvin by serving Gary Riebschlager under the Hague convention?

a.  If the answer is in the affirmative, then Service was not affected on Ms. Colvin. Special appearance must be sustained.

b.  Was service on Colvin defective under the Hague Convention?

c.  If the answer is in the affirmative, then special appearance is sustained.

3. In in the event that the Hague Convention applies, the Plaintiff must comply with the Hague Convention when taking evidence and should a judgment be entered the Hague convention applies to execution of the judgment.

a. If the answer is in the affirmative, then should this case proceed, Appellant pleads the Appellee comply with the Hague Convention for further proceedings including the taking of evidence and rulings on any judgments.


### III.   RULE 106-108 TRIAL COURT SUBSTITUTE SERVICE

1. The trial court granted Spencer alternative service under Rules 106-108 and service was to be affected on Mr. Riebschlager.

a. Should the Appellate Court answer in the affirmative that the record is void of a return of citation of service as directed under the strict rules of 106-108 and directed by the trial court, then service was not affected on Colvin and the special appearance must be sustained.

b. If the answer is in the affirmative, the trial court lacks jurisdiction over Colvin and the case must be dismissed for lack of jurisdiction.


### IV.   APELLEES ADMITS NO INTEREST Statue of Limitations has passed:

In Apellees pleadings, she admits "that on the 14 of December, 2010" and again in other pleadings she testifies "or in "late 2010", Colvin settled the Balboa case and did not pay Spencer any of the money. See Plaintiffs Motion for summary judgment in the 412th page 2 of 6, she admits that she is aware that Colvin breached the settlement agreement on or about that date. She later testifies that "six months after Colvin made the agreement with Spencer, (ie June 16 2010) "she settled the Balboa case while representing herself pro se". These are multiple admissions that Spencer has no interest. As the statute of limitations for suit of breach of contract has clearly passed, (four years) Ms. Spencer by her own admission has no interest or claims to make.

1. Should the Appellate Court find that service was not affected, Colvin's special appearance is sustained for any of the above reasons this case must be dismissed with prejudice and a ruling from this court that the trial court lacks jurisdiction over Appellant Amelia Colvin. Further ruling that the Statute of limitations passed on 14 December 2014.

## V. On the issue of res judicata issue preclusion and forum shopping.

The instant case cause number 74756-**CV** is res judicata and issue precludes as the issues were decided in the 412th 46528 case. Colvin filed a motion to dismiss stating that the claims the Apellees makes are barred for this reason. Plaintiff's suit is brought in bad faith, for the purposes of continued harassment and coercion to pay Spencer for sums that are not owed to her. Spencer is not entitled to use this Court for a forum shopping. The effect of this suit is to attempt to circumvent an adverse ruling in the prior lawsuit she filed and lost.

a. Her petitions contain identical factual allegations, legal claims, petitions for relief which are unsupported by a preponderance of the evidence or by clear and convincing evidence as required by the Constitution and the laws of the State of Texas.

b. Plaintiff's suit is groundless, frivolous, brought for purposes of harassment and is moot.

c. Plaintiff is required under of CPR Plaintiff and her attorney's suit violates Tex. R. Civ. P. 13. Not once in either case did Plaintiff make reasonable enquiries into her legal and factual basis of her claims. In fact, Spencer made no reasonable enquiries whatsoever.

For example: Gary Riebschlager fee agreement with Colvin demonstrates that Mr. Andersen has a superior lien to Spencer. Andersen Fee agreement is superior to Spencer

Should the Appellate Court find that the Appellees causes of action are any of these: frivolous, issue precluded, collateral attack brought in bad faith

<u>Answer in the affirmative, the case is dismissed with prejudice costs attorneys fees  and are awarded to Appellee.  Case sent back to trial court for sanctions hearing,</u>

## VI.    Appellees damages:

Appellant pleads this court to determine from the record that Spencer has not produced evidence of damages to support her claim for fraudulent inducement or breach of contract in the 412th 46528 case or this case in the 5 years of litigation.  Appellant pleads this court to find that the Appellee has not produced evidence that Appellant Colvin fraudulently induced her into a quantum fee agreement dated June 16. 2010.

a.    <u>Answer in the affirmative, the case is dismissed with prejudice costs are awarded to Appellee</u>

### *VI The judgment of the trial court.*

On March 5 2015 Judge Sebesta Denied Appellants motion to dismiss filed under TCPRC 90.a.  The trial court did not rule on Appellants Sspecial Appearance.   The trial court did not issue findings of fact and conclusions of law as 90.a requires. Appellant pleads to this court for the Trial court to issue findings of fact and conclusions of law under 90.a. Appellant pleads to this court to issue final rulings on the questions raised in this interlocutory appeal.

### *VII Request for permission to appeal.*

A.    Appellant seeks permission from either the First or Fourteenth Court of Appeals to appeal this denial of motion to dismiss and a ruling on special appearance and jurisdictional issues in this case.  Pursuant to Tex. Civ. Prac. Rem. Code § 51.014 (d), an order that involves a controlling question of law as to which there is a substantial ground for difference of opinion may be appealed on an interlocutory basis as long as within 20 days after the judgment or order is signed." TEX. R. APP. P. 28.1, 26.1(b). The Court's order was signed on March 5, 2015 and this motion is timely filed. See  Austin State Hospital v. Graham, No. 10-0674 (Tex. Aug. 26, 2011)(per curiam opinion)(governmental  employee's interlocutory appeal)The issue presented is whether an employee of a governmental unit may take an interlocutory appeal from an order denying his motion to dismiss based on section 101.106(e) of the Texas Civil Practice and Remedies Code. We hold that he can and reverse the judgment of the court of appeals. 319 S.W.3d 905

(Tex. App.-Dallas 2010)

B.    Granting the motion will materially advance the ultimate termination of the litigation.

C.    The following order is appropriate for interlocutory appeal as it involves controlling questions of law about which there is substantial ground for difference of opinion:

1. The Court did not rule on Defendants Special Appearance. A Special Appearance must be ruled in due order before motion to dismiss can be decided. The court did not make findings of fact regarding the motion to dismiss or make orders concerning res judicata. Appellant did not have time due to the statutes and new discovery to amend her motion to dismiss.

### VIII Accelerated appeal

If permission to appeal is granted, the appeal of this case will be an accelerated appeal.

### IX Stay.

Appellant requests a stay of the trial-court proceedings pending the resolution of this petition and the appeal of the interlocutory order. Tex. Civ. Prac. & Rem. Code §51.014(e)(2).

Motion to stay attached. An immediate appeal from no ruling in the Appellants Special Appearance and findings of fact on the issues for res judicata, issue preclusion, collateral attack, evidence of damages claim, will materially advance the ultimate termination of the litigation.

D. The trial Court may issue a stay of the proceedings and discovery pending appeal. Tex Civ. Prac. Rem. Code § 51.014 (e)(1).

E. WHEREFORE, Appellant hereby requests this case be ruled on by submission, and moves that at the conclusion thereof, the Court grants Appellant permission for Appellant Amelia Colvin to file an interlocutory appeal. Appellant Amelia Colvin further requests that the Court issue a stay of the proceedings pending the disposition of the interlocutory appeal.

_____/s_____

Amelia Colvin

Appellant Pro Se

### *X. Indigence.*

If permission to appeal is granted, appellant may proceed without advance payment of costs because she was declared indigent in 2009 and received housing costs and income support and no other income sources.

IN THE

{_____} COURT OF APPEALS

at Houston Texas
_____
AMELIA COLVIN

Appellant,

v.

B. SPENCER & Associates, P.C.

D/B/A SPENCER & ASSOCIATES

P.C. N/IDA THE SPENCER LAW FIRM


Appellee.
_____

Appealed from the 239TH DISTRICT Court of
*BRAZORIA COUNTY*, Texas


**ORDER GRANTING PERMISSION TO APPEAL**


ON This     the    day of         2015  This court considered appellants motion to      the Court of Appeals.  After consideration this court has determined that there is a substantial ground for difference of opinion on the resolution of the controlling question of law. Tex. R. App. P. 28.3

An immediate appeal from motion to dismiss and failure to rule on Special Appearance may materially advance the ultimate termination of the litigation because the case has been litigation for 5 years. It appears that there are issues that this court can resolve pertaining to special appearance, the Hague convention, affecting jurisdiction of the trial

court over appellant. It also appears that the trial court did not issue findings of fact and conclusions of law, which Appellant pled that this court can resolve and advance towards a conclusion of this dispute. It appears that there is an issue as to whether the statute of limitations has expired without service on the Appellant. It also appears that there is just cause for this court to enquire as to whether the previous cause number 46528 intervention by the Appellees was fully and finally litigated and dismissed in September 27, 2013. {*explain, e.g., the resolution of the issue involved in the appeal of this order may fully and finally resolve the dispute prevent a full trial on the merits, and a remand for retrial based on a corrected order*}. *See* Tex. R. App. P. 28.3(e)(4).

**Appellants Motion is granted and issues the following order:**

a) Appellants Motion for stay of proceedings in the trial court pending this courts determination of the issues under interlocutory appeal. GRANTED

b) Permission to appeal on issues raised in the motion on special appearance. GRANTED

c) Permission to appeal on issues raised to Hague convention GRANTED

d) Permission to appeal on issues raised in substituted service under Rule 106-108 GRANTED

e) Permission to appeal on statute of limitations GRANTED

f) Permission to appeal on the issues raised to collateral attack, issue preclusion, res judicata, frivolous suit brought for harassment GRANTED

g) Permission to appeal on issues raised on appellees purported lack of evidence for damages. GRANTED

h) Appellees motion for trial court to issue judicial findings of fact and conclusions of law under Texas CPR90.a. GRANTED

i) This court orders the trial court to issue findings of fact and conclusions of law as

Appellant plead.

So Ordered this      day of       2015

_____

Justice

Court of appeals