Opinion issued March 23, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00532-CV

————————————

**CITY OF HOUSTON, Appellant**

**V.**

**HOUSTON METRO SECURITY AND JAMES FOWLER, Appellees**

On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2022-28339

## MEMORANDUM OPINION

Appellant, the City of Houston (the City), appeals the trial court's order denying its Rule 91a motion to dismiss appellees Houston Metro Security (HMS) and James Fowler's claims for tortious interference with contract, negligence per se, negligent training or supervision, conspiracy, and *ultra vires*. In two issues, the City

contends that the trial court erred by failing to dismiss appellees' tort and *ultra vires* claims because they lack any basis in law. We reverse the trial court's order and render judgment dismissing appellees' claims.

## Background

HMS is a private security company that provides security services to clients in high crime areas in the Houston metropolitan area. Fowler is the owner and manager of HMS.

In May 2022, appellees sued the City asserting claims for tortious interference with contract, two counts of negligence per se, two counts of negligent training or supervision, conspiracy, and *ultra vires*. Their claims were based on the following allegations:

- On or about May 15, 2020, Fowler and HMS personnel apprehended a known and documented violent trespasser and called the Houston Police Department (HPD) for assistance. HPD did not arrest the violent trespasser but instead instructed him that he could stay on the property contrary to Fowler's instructions.

- Since that occasion, Fowler and HMS personnel apprehended several other known felons on the property who HPD subsequently released and who perpetrated other violations of the law.

- As a result of HMS's inability to remove known felons from the property— caused directly by HPD's unwillingness to arrest felons detained by HMS— an apartment complex terminated its contract with Fowler and HMS.

- Subsequently, information about Fowler, available only from criminal records which are subject to an Order of Expunction, was wrongfully transmitted to the Texas Department of Public Safety (DPS) by City/HPD personnel. Fowler

2

was found "Not Guilty" in the underlying criminal case, the records of which were legally expunged.

Appellees sought to recover damages for (1) the loss of the value of contracts, (2) expenses associated with bringing legal action to "re-expunge" Fowler's record, and (3) damage to Fowler's reputation and the resultant loss of the pecuniary measure of his reduced employability, as well as exemplary damages.

The City answered, asserting a general denial as well as various defenses including governmental immunity under the Texas Tort Claims Act (TTCA).

The City filed a Rule 91a motion to dismiss contending that it was immune from appellees' claims of negligence per se, negligent training or supervision, tortious interference with contract, and conspiracy. It argued that appellees' assertion in their petition that the City waived its immunity was based on provisions in the TTCA—specifically, Sections 101.0215 and 101.025—that do not create an independent waiver of immunity. Thus, they argued, appellees were still required to plead and prove that their allegations fell within the TTCA's waiver provisions set forth in Section 101.021, which they failed to do. The City further argued that the TTCA does not clearly or unequivocally waive the City's immunity for claims of negligence per se or negligent training or supervision, and the Act expressly excepts intentional torts such as tortious interference with contract and conspiracy from its waiver.

Appellees responded that their claims against the City were not based on the City's performance of governmental functions for which the City enjoys immunity but instead involve the City's exercise of non-governmental, proprietary acts for which the City's immunity is waived. They further argued that their claims were based on the City's non-discretionary acts that are unauthorized by law and thus fall within the *ultra vires* exception to governmental immunity.

The City replied that appellees' allegations were premised on HPD officers' alleged failure to arrest individuals whom HMS personnel detained and that "arresting people clearly falls within the governmental function of 'police and fire protection and control,' such that the TTCA governs appellees' suit." The City further argued that appellees' response presented a theory not set forth in their original petition and it failed to identify a clear and unequivocal waiver, statutory or otherwise, of the City's immunity.

The trial court denied the City's Rule 91a motion to dismiss on June 28, 2022. This interlocutory appeal followed.

## Discussion

In two issues, the City contends that the trial court erred in failing to dismiss appellees' tort and *ultra vires* claims because they lack any basis in law.

4

## A.    Standard of Review

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action against it. *See* TEX. R. CIV. P. 91a; *Ball v. City of Pearland*, No. 01-20-00039-CV, 2021 WL 4202179, at *2 (Tex. App.—Houston [1st Dist.] Sept. 16, 2021, no pet.) (mem. op.). A trial court may dismiss a cause of action under Rule 91a if "it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *Ball*, 2021 WL 4202179, at *2. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see Ball*, 2021 WL 4202179, at *2.

We review a trial court's decision on a Rule 91a motion to dismiss de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam); *Malik v. GEICO Advantage Ins. Co.*, No. 01-19-00489-CV, 2021 WL 1414275, at *4 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.). We look only to "the pleading of the cause of action, together with any pleading exhibits" and do not consider any other part of the record. TEX. R. CIV. P. 91a.6; *see Sanchez*, 494 S.W.3d at 724 ("Whether the dismissal standard is satisfied depends 'solely on the pleading of the cause of action.'"). We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or

5

fact. *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).

**B.    Sovereign Immunity**

Sovereign immunity and its counterpart for political subdivisions, governmental immunity, protect the State and its political subdivisions, including counties, cities, and municipalities, from lawsuits and liability for money damages. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The City enjoys governmental immunity from suit and liability in the performance of its governmental functions unless that immunity has been waived by the Legislature in clear and unambiguous language. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 342–43 (Tex. 2006); TEX. GOV'T CODE § 311.034. "Absent a valid statutory or constitutional waiver, trial courts lack subject-matter jurisdiction to adjudicate lawsuits against municipalities." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 631 (Tex. 2015).

A plaintiff bears the burden to affirmatively demonstrate a trial court's jurisdiction by alleging a valid waiver of immunity, which may be either by reference to a statute or by express legislative permission. *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from suit may be asserted through a Rule

91a motion to dismiss. *See Sanchez*, 494 S.W.3d at 724 ("The issue in this Rule 91a dismissal proceeding is whether the Texas Tort Claims Act waives the City's immunity from suit[.]"); *City of Houston v. Gonzales*, No. 14-19-00768-CV, 2021 WL 2586242, at *1 (Tex. App.—Houston [14th Dist.] June 24, 2021, no pet.) (mem. op.) ("Immunity from suit may be asserted through a plea to the jurisdiction or another procedural vehicle such as a rule 91a motion.").

## C.    Appellate Jurisdiction

As an initial matter, we must first address appellees' assertion that this Court lacks jurisdiction over the City's interlocutory appeal.

This Court generally does not have jurisdiction over an appeal from an interlocutory order denying a Rule 91a motion to dismiss. *See Krause v. Mayes*, 652 S.W.3d 880, 885 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (noting appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if expressly authorized by statute); *see also Koenig v. Blaylock*, 497 S.W.3d 595, 598 n.4 (Tex. App.—Austin 2016, pet. denied) (observing no statute permitted interlocutory appeal from order denying Rule 91a motion). However, an order denying a Rule 91a motion may be the subject of an interlocutory appeal if its component rulings fall within the categories of appeals authorized by Section 51.014 of the Civil Practice and Remedies Code. *Hung v. Davis*, No. 01-20-00746-CV, 2022 WL 1008805, at *2 (Tex. App.—Houston [1st Dist.] Apr. 5, 2022, no pet.) (mem.

op.) (citing TEX. CIV. PRAC. & REM. CODE § 51.014 (listing types of orders from which interlocutory appeal is available)).

The City appealed the denial of its motion to dismiss under Section 51.014(a)(8), which permits an interlocutory appeal of the denial of a "plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). For purposes of our appellate jurisdiction, it is not significant that the City sought dismissal of appellees' claims against it by filing a motion to dismiss rather than a plea to the jurisdiction, as referenced in Section 51.014(a)(8). *See Hung*, 2022 WL 1008805, at *2. The Texas Supreme Court has recognized that "an appeal may be taken from orders denying an assertion of immunity . . . regardless of the procedural vehicle used." *Id.* (quoting *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301(Tex. 2011)).

Here, the only basis for dismissal asserted in the City's Rule 91a motion was lack of jurisdiction premised on governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.021. The Texas Supreme Court and the courts of appeals, including this one, have held that the denial of a motion to dismiss based upon the assertion of governmental immunity is the proper subject of an interlocutory appeal under Section 51.014(a) of the Civil Practices & Remedies Code. *See Austin State Hosp.*, 347 S.W.3d at 301; *Hung*, 2022 WL 1008805, at *2–3; *Krause*, 652 S.W.3d at 885; *San Jacinto River Auth. v. Hewitt*, No. 14-18-00479-CV, 2019 WL 2939971,

at *1 (Tex. App.—Houston [14th Dist.] July 9, 2019, no pet.) (mem. op.); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.). Thus, although this appeal arises from a Rule 91a motion and not a plea to the jurisdiction, this Court has appellate jurisdiction. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) ("To be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge."); *see also Lazarides v. Farris*, 367 S.W.3d 788, 796–97 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (concluding when record includes order denying motion including challenge to trial court's jurisdiction, interlocutory appeal may be taken, irrespective of chosen procedural vehicle). We next consider the merits of the trial court's ruling.

**D.    Analysis**

The City contends that the trial court erred in denying its Rule 91a motion to dismiss because the TTCA does not waive the City's immunity for the torts and *ultra vires* claim asserted in appellees' petition. Thus, it argues, appellees' claims have no reasonable basis in law and must be dismissed.

**1.    Negligence Claims**

In their original petition, appellees asserted two counts of negligence per se. Count 1 alleged that the City violated Article 55.04 of the Texas Code of Criminal Procedure[1] when its personnel released Fowler's expunged criminal records to DPS.

---

[1]    Section 1 of Article 55.04 provides:

9

Count 2 alleged that the City violated Penal Code Section 39.03[2] "by interfering with HMS's commercial contracts, [] threatening to wrongfully arrest [Fowler], [] undermining HMS's apparent authority granted to it under color of contract, [] offering legal opinions, and [] generally obstructing HMS's performance of its duties." Appellees also asserted two counts of negligent training or supervision. Count 1 alleged that the City breached its duty owed to Fowler to hire competent personnel and train and supervise them concerning wrongful interference in private contractual matters, and that the City's personnel interfered with [HMS]'s

---

A person who acquires knowledge of an arrest while an officer or employee of the state or of any agency or other entity of the state or any political subdivision of the state and who knows of an order expunging the records and files relating to that arrest commits an offense if he knowingly releases, disseminates, or otherwise uses the records or files.

TEX. CODE CRIM. PROC. Art. 55.04, § 1.

[2]    Section 39.03 provides, in relevant part:

(a) A public servant acting under color of his office or employment commits an offense if he:

(1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful; [or]

(2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful[.]

TEX. PENAL CODE § 39.03.

10

commercial endeavors and contracts which proximately caused pecuniary damages to appellees. Count 2 alleged that the City breached its duty owed to Fowler to hire competent personnel and train and supervise them about the laws concerning expunction, and the City's personnel breached the duty when they divulged expunged information to another state agency, which proximately caused damages to appellees.

All tort theories alleged against a Texas governmental entity are presumed to be under the TTCA. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Section 101.021 of the TTCA provides that a governmental unit in the state is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021. Neither appellees' negligence per se claims nor their negligent supervision or training claims implicate Section 101.021's limited waiver of immunity—that is, the claims do not allege property damage,

11

personal injury, or death caused by a government employee's negligent use of a motor vehicle or motor-driven equipment, or a premises liability claim caused by a condition or use of tangible personal or real property resulting in personal injury or death. *See id.*

Appellees respond that the City's employees voluntarily engaged in non-governmental, proprietary acts for which the City's immunity is waived. This argument misses the mark. While it is true that Section 101.0215 of the TTCA sets forth a nonexclusive list of activities categorized as governmental functions, it "does not automatically itself operate as an independent waiver of sovereign immunity." *Hale v. City of Bonham*, 477 S.W.3d 452, 458 (Tex. App.—Texarkana 2015, pet. denied); *City of Mission v. Cantu*, 89 S.W.3d 795, 802 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). Instead, the plaintiff must demonstrate that its claims "fall within the areas of liability provided by section 101.021 of the Act." *Hale*, 477 S.W.3d at 458; *City of Houston v. Nicolai*, 539 S.W.3d 378, 387 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (noting that to hold municipality liable pursuant to Section 101.0215, liability must still arise out of one of three general areas of waiver enumerated in Section 101.021); *Cantu*, 89 S.W.3d at 803 ("Thus, even though it is established that a claim arises from a governmental function listed in section 101.0215 and the [TTCA] applies, the claim made must still fall within the scope of section 101.021 in order for a municipality to be held liable."); *City of*

*Houston v. Rushing*, 7 S.W.3d 909, 914 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) ("However, to hold a municipality liable pursuant to section 101.0215, the liability must still arise out of one of the three specific areas of waiver listed [in section 101.021].")); *Bellnoa v. City of Austin*, 894 S.W.2d 821, 826 (Tex. App.—Austin 1995, no writ) (stating "we must first determine whether the alleged harm meets the conditions of section 101.021"). Thus, appellees had to demonstrate that the City's alleged misconduct in transmitting Fowler's expunged records, interfering with appellees' security contracts, and failing to properly train or supervise its personnel fell within Section 101.021's waiver provisions. Having failed to do so, appellees have not pleaded a valid waiver of the City's immunity for their negligence claims.

### 2. Tortious Interference with Contract and Conspiracy Claims

Appellees also asserted claims against the City for tortious interference with contract and conspiracy. These are intentional torts for which the TTCA provides no waiver of immunity. *See* TEX. CIV. PRAC. & REM CODE § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or *any other intentional tort*[.]"); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014) (explaining TTCA's "limited waiver does not apply to intentional torts"); *Jaramillo v. City of Tex. City*, No. 01-20-00654-CV, 2022 WL 363271, at *4 (Tex. App.—Houston [1st Dist.] Feb. 8, 2022, no pet.) (mem. op.)

(noting conspiracy is intentional tort to which TTCA does not apply); *City of Hous. v. Guthrie*, 332 S.W.3d 578, 593 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (stating tortious interference is intentional tort for which TTCA does not waive immunity); *Ethio Exp. Shuttle Serv., Inc. v. City of Hous.*, 164 S.W.3d 751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (concluding plaintiff's claim for tortious interference with contract and various claims for conspiracy were intentional torts for which City's immunity was not waived under TTCA). Appellees have not established a waiver of sovereign immunity for their tortious interference with contract and conspiracy claims.

### 3. *Ultra Vires* Claim

Appellees asserted an *ultra vires* claim alleging that unknown personnel of the City and HPD acted without authority by divulging Fowler's expunged criminal records, causing HMS to lose commercial contracts, and harassing and threatening Fowler and HMS personnel.

In certain narrow instances, a suit against a government official can proceed even in the absence of a waiver of immunity if the official's actions are *ultra vires*. *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 344 (Tex. 2019); *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)). "An *ultra vires* action requires a plaintiff to 'allege, and ultimately prove, that the officer acted without legal authority

14

or failed to perform a purely ministerial act.'" *Hall*, 508 S.W.3d at 238 (citing *Heinrich*, 284 S.W.3d at 372). A government officer with some discretion to interpret and apply a law may nevertheless act without legal authority—and thus act *ultra vires*—if the officer exceeds the bounds of his granted authority or if his acts conflict with the law itself. *Id.*; *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 164 (Tex. 2016) ("[G]overnmental immunity only extends to those government officers who are acting consistently with the law, which includes those who act within their granted discretion."). "Ministerial acts" are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hall*, 508 S.W.3d at 238 (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015)). The governmental entities themselves, however, remain immune from suit because unlawful acts of officials are not acts of the State. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam) (citing *Heinrich*, 284 S.W.3d at 372–73). Thus, suits complaining of *ultra vires* actions may not be brought against a governmental unit, but must be brought against the allegedly responsible government actor in his official capacity. *Hall*, 508 S.W.3d at 240 (citing *Patel v. Tex. Dep't of Licensing & Regul.*, 469 S.W.3d 69, 76 (Tex. 2015)); *Emmett*, 459 S.W.3d at 587.

Here, appellees have sued the City rather than the relevant government actors in their official capacity. *See Heinrich*, 284 S.W.3d at 372–73 (clarifying that governmental entities themselves are not proper parties to *ultra vires* suit; instead, plaintiff must sue relevant officers in their official capacities). Therefore, appellees have not asserted a proper *ultra vires* claim. *See Hall*, 508 S.W.3d at 239; *Emmett*, 459 S.W.3d at 587.

Taking their allegations as true, together with inferences reasonably drawn from them, appellees failed to allege any basis on which to assert a waiver of the City's immunity to their claims. *See* Tex. R. Civ. P. 91a.1. The trial court erred in denying the City's Rule 91a motion to dismiss. Accordingly, we sustain the City's issues.

## Conclusion

We reverse the trial court's June 28, 2022 order denying the City's Rule 91a motion to dismiss and render judgment dismissing appellees' claims.

Amparo Guerra
Justice

Panel consists of Justices Landau, Countiss, and Guerra.