# IN THE SUPREME COURT OF TEXAS

No. 10-0659

JERRY L. BARTH, PETITIONER,

v.

BANK OF AMERICA, N.A., RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

PER CURIAM

Jerry L. Barth sued "Bank of America Corporation".  Bank of America, N.A. answered, asserting that it had been, in its words, "incorrectly named".  At trial, the witnesses referred simply to "Bank of America", with one exception: Bank of America, N.A.'s corporate representative testified, in response to a question by Bank of America, N.A.'s counsel regarding the "actual entity [involved in the dispute] that we're here over today", that it was "Bank of America National Association".  Bank of America Corporation was not mentioned in the evidence.  During the jury charge conference after the close of the evidence, the trial court granted Barth a trial amendment to correct the misnomer, but the liability questions submitted to the jury and answered in Barth's favor all referred to Bank of America Corporation.  The trial court rendered judgment against Bank of America, N.A. on the verdict.  The court of appeals reversed and rendered, holding that the verdict does not support the judgment.  ___ S.W.3d ___ (Tex. App.–Corpus Christi 2010).  We disagree.

Bank of America, N.A. argues that this is a case of misidentification, not misnomer. The argument, contrary to Bank of America, N.A.'s own answer in the trial court, is clearly wrong. We have explained:

> A misnomer differs from a misidentification. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990). Misidentification — the consequences of which are generally harsh — arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity. *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). A misnomer occurs when a party misnames itself or another party, but the correct parties are involved. *Id.* (noting that "[m]isnomer arises when a plaintiff sues the correct entity but misnames it"). Courts generally allow parties to correct a misnomer so long as it is not misleading.

*In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam) (footnote and citations omitted). Bank of America, N.A. agrees that it has not been misled. This is a clear case of misnomer.

Bank of America, N.A. also argues that the jury findings of Bank of America Corporation's liability support a judgment only against Bank of America Corporation. But there was no evidence at trial that Bank of America, Bank of America, N.A., and Bank of America Corporation were different entities, and Bank of America, N.A.'s representative testified that Bank of America, N.A. was the entity involved in the dispute. Nothing in the record suggests that the jury could possibly have been confused, and its answers must be taken to be applicable to Bank of America, N.A.

Accordingly, we grant Barth's petition for review, and without oral argument, TEX. R. APP. P. 59.1, reverse the court of appeals' judgment and remand the case to that court for consideration of other issues raised by Bank of America, N.A.

Opinion delivered: August 26, 2011