**Appeal Dismissed and Memorandum Opinion filed June 19, 2012.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-11-00114-CV**
_____

**RICHARD ALAN HAASE, Appellant**

**V.**

**MEISSNER, BOLTE & PARTNER, GBR, Appellee**

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 08-DCV-167368**

## MEMORANDUM OPINION

This appeal began as a breach-of-contract case in which a law firm sued a corporate client for unpaid legal fees. After a shareholder in the client corporation intervened in the suit, the claims and counterclaims multiplied. The shareholder has attempted to appeal the trial court's order striking his plea in intervention and dismissing his counterclaims; in addition, the shareholder challenges the trial court's failure to sanction the law firm for

discovery abuse. We conclude, however, that there is no final appealable judgment, and we accordingly dismiss the appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Richard Alan Haase developed a process for purifying water and licensed his work to ClearValue, Inc. Through Haase, ClearValue retained the law firm of Golden & Rhodes, L.L.P. to apply for patents for the invention in thirteen countries. Philip Golden advised Haase that the legal work would have to be performed by a variety of foreign law firms in different countries, and that the best way to collect estimates for those legal fees would be to obtain them directly from the law firms that would be working on the patent application in each country. Because Haase wanted estimates before this could be done, Golden estimated the cost for preparing and filing applications in each country, exclusive of prosecution costs, annuity fees, examination costs, or issue fees. He estimated that the costs for applying for a patent in Germany would be $3500. ClearValue paid Golden & Rhodes a retainer of $54,000, and Golden & Rhodes hired various foreign firms to apply for the patents. As relevant here, Golden & Rhodes hired the law firm of Meissner, Bolte & Partner, GBR ("Meissner Bolte") to apply for the patent in Germany. Golden & Rhodes did not pay the foreign law firms, however, and ultimately returned the retainer to ClearValue.

ClearValue paid only a part of the fees owed to Meissner Bolte, and Meissner Bolte sued to recover the remainder of its outstanding fees. The case became complicated when Haase intervened in the suit, and Meissner Bolte added Haase as a defendant. Haase then asserted various claims for relief, representing that he asserted some of the claims as an intervenor, some as a defendant, and some as both. Meissner Bolte responded by asserting "counterclaims" against Haase. Specifically, the record shows that on May 10, 2010, Meissner Bolte filed both a "Fourth Amended Original Petition for Suit on Written Contract" and a separate pleading in which it asserted "Plaintiff's Amended Counterclaim"

2

against Haase. Five months later, Haase filed "Intervener/Defendant's Third Amended Petition," styling some of his allegations as claims by "Intervenor Haase," some as claims by "Defendant Haase," some as claims by "Intervenor/Defendant Haase." Although he attempted to assert some claims that belonged to ClearValue and for which he lacked standing, "Defendant Haase" also asserted counterclaims that, to the extent they exist, belong to him in his individual capacity, such as his counterclaims for conversion and for violation of state and federal statutes governing fair debt-collection practices.

On November 5, 2010, the trial court rendered default judgment against ClearValue. Three days later, the trial court held a final pretrial conference, addressing all outstanding motions, including Meissner Bolte's motion to strike "intervenor's pleadings" on the grounds that "Intervenor does not meet the requirements of Rule 60 of the Texas Rules of Civil Procedure and applicable case law." On the same day, Meissner Bolte filed a document bearing the title, "Meissner Bolte & Partner's Non Suit of Richard Haase," in which it stated, "Meissner, Bolte & Partner non suits the Fourth Amended Claim and all Petitions filed against Richard Haase after Richard Haase sued them, but specifically preserves his answer to Haase's law suit and his counterclaims against Richard Haase." Meissner Bolte did not address "Defendant Haase's" counterclaims for conversion and for violations of fair debt-collection-practices statutes, and the firm specifically reserved its own "counterclaims."

After a hearing, the trial court signed an order granting Meissner Bolte's motion to strike "intervenor's pleadings." In the order, the trial court wrote as follows:

> The Court finds Intervener Richard Haase has no standing to bring his cause of action, that claims asserted by Intervener are claims belonging to the Corporation ClearValue, Inc. In addition, Intervenor's claims are based upon legal pleadings filed by [Plaintiff] in response to pleadings filed by Richard Haase individually as Intervenor.

Accordingly, the Court dismisses with prejudice Richard Haase's case herein.

Haase then filed a notice of appeal and both parties filed appellate briefs.

## II. ANALYSIS

As an intermediate appellate court, we "lack jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments." *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). When, as here, there has been no conventional trial on the merits, "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The orders in this case do neither.

Although Meissner Bolte filed a document styled as a "nonsuit," it did not attempt to dismiss the entire case, or even to dismiss all of its claims against one party.[1] Instead, the firm abandoned the causes of action it asserted against Haase in pleadings styled as petitions, while reserving causes of actions it styled as "counterclaims." No order of the trial court purports to dispose of those "counterclaims," nor does a "nonsuit" affect the opposing party's counterclaims for affirmative relief. TEX. R. CIV. P. 162; *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011) (per curiam) (same).

---

[1] Strictly speaking, a plaintiff "dismisses" or "nonsuits" a case, "dismisses" parties, and "abandons" individual claims or defenses. *Compare* TEX. R. CIV. P. 162 ("At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit . . . .") *with* TEX. R. CIV. P. 163 ("When it will not prejudice another party, the plaintiff may dismiss his suit as to one or more of several parties who were served with process, or who have answered . . . .") *and* TEX. R. CIV. P. 165 ("A party who abandons any part of his claim or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein were not tried."). The term "non-suit" accordingly is most commonly used to refer to the voluntary dismissal of all of a plaintiff's claims. *See C/S Solutions, Inc. v. Energy Maint. Servs. Grp. LLC*, 274 S.W.3d 299, 305–06 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Strictly speaking, a Rule 162 nonsuit applies to the dismissal of the *entire* case.").

Meissner Bolte's counsel suggested in the trial court that striking Haase's petition in intervention would eliminate all "counterclaims," whether filed by Haase or by Meissner Bolte. This is incorrect. Although Haase entered the lawsuit as an intervenor, Meissner Bolte then made Haase a defendant, and this changed the dynamics of the suit. Before Meissner Bolte sued Haase, the firm could have had his pleadings stricken if Haase could not demonstrate, *inter alia*, that he had a justiciable interest in the only matter then at issue, i.e., Meissner Bolte's claim against ClearValue for outstanding legal fees. *See* TEX. R. CIV. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party); *In re Union Carbide Corp.*, 273 S.W.3d 152, 154–55 (Tex. 2008) ("If any party to the pending suit moves to strike the intervention, the intervenors have the burden to show a justiciable interest in the pending suit.").[2] But, once Meissner Bolte made Haase a defendant in his individual capacity, Haase could assert his own counterclaims against Meissner Bolte even if he had no justiciable interest in Meissner Bolte's claims against ClearValue. *See* TEX. R. CIV. P. 97 ("A pleading may state as a counterclaim any claim against an opposing party whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."). Thus, striking Haase's plea in intervention after he became a defendant would not affect the "counterclaims" filed by *either* party.[3]

---

[2] Even if the intervenor has a justiciable interest in the suit, the trial court could strike the petition in intervention upon the motion of any party if, for example, the intervention was not necessary to protect the intervenor's interest and would complicate the case by an excessively multiplying the issues. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990).

[3] Things became further confused at the hearing on Meissner Bolte's motion to strike Haase's petition in intervention. When the trial court attempted to clarify whether Haase had stated claims other than those comprising his petition in intervention, counsel for Meissner Bolte stated, "He called himself intervenor to the last pleading. He says 'Intervenor wants damages.'" This answer was incomplete, because Haase identified himself as "Defendant Haase" when referring to those causes of actions he styled as counterclaims. Even though Haase pointed out to the trial court that he had asserted counterclaims against Meissner Bolte, the trial court seemed initially to have the impression that Haase asserted a counterclaim against Meissner Bolte only for filing a frivolous lawsuit against him; thus, the trial court told Meissner Bolte's counsel, "[G]et me an order that specifies that the Defendant's counterclaims *for frivolous lawsuits* are denied." (emphasis added). At Haase's request, the trial court subsequently filed findings of

In sum, the orders in this case, whether taken individually or collectively, do not dispose of all of the parties' "counterclaims." *See Lehmann*, 39 S.W.3d at 205 ("An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim, nor does an order adjudicating claims like the latter dispose of the plaintiff's claims.") We therefore dismiss the appeal for lack of jurisdiction.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Boyce, Brown, and Christopher.

---

fact and conclusions of law, and referred in its legal conclusions to Haase's claims for negligence, breach of duty, misrepresentation, and deceptive trade practices. Curiously, however, the trial court did not specifically mention Haase's claims for conversion and his allegations that Meissner Bolte violated state and federal fair debt-collection-practices statutes by suing Haase, in his individual capacity, for ClearValue's debt, even though Haase had asserted such claims and had standing to do so. Instead, the trial court stated in its conclusions of law that "Haase's claim for defamation had no legal basis"—even though Haase never asserted such a cause of action against Meissner Bolte.