

# NUMBER 13-19-00467-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CITY OF BROWNSVILLE, TEXAS,
TONY MARTINEZ, ROSE Z. GOWEN,
RICARDO LONGORIA JR., JOEL MUNGUIA,
BEN NEECE AND JESSICA TETREAU IN
THEIR OFFICIAL CAPACITIES ONLY,                          Appellants,

### v.

BROWNSVILLE GMS, LTD. AND
MICHAEL BENNETT,                                          Appellees.

On appeal from the 445th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Longoria, and Perkes
Memorandum Opinion by Justice Benavides

Appellants the City of Brownsville, Tony Martinez, Rose M.Z. Gowen, Ricardo Longoria, Jr., Jessica Tretreau, Joel Mungia, and Ben Neece (collectively the City) filed this interlocutory appeal from the trial court's alleged denial of the City's plea to the jurisdiction.[1]  Brownsville GMS, Ltd. (GMS) responded to the interlocutory appeal by asserting that this Court has no jurisdiction because the trial court did not rule on the City's plea to the jurisdiction.  The City asserts that the trial court implicitly ruled although it admits there is no signed order.  We dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

GMS sued the City, the Mayor, and the city commission members complaining of the manner in which the City awarded its waste disposal contract and obtained a temporary injunction to preclude the City from acting on the award of a temporary or emergency contract and an order for expedited discovery.  Cesar Deleon, a city commissioner and party to the suit, and the City filed motions to dismiss the suits against the Mayor and City commission members in each of their individual capacities citing § 101.06(e) of the civil practice and remedies code.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.06(e). The City also filed two pleas to the jurisdiction asserting immunity.  The trial court scheduled multiple motions to be heard on August 13, 2019.

The trial court first ruled on DeLeon's motion to dismiss the individual claims against him and denied his motion.  During the hearing, DeLeon filed an interlocutory notice of appeal pursuant to § 51.014(a)(5) of the civil practices and remedies code.  *Id.* § 51.014(a)(5).  After DeLeon filed his interlocutory appeal during the hearing, he

---

[1] The City of Brownsville separately perfected an appeal from the trial court's grant of a temporary injunction to Brownsville GMS in Cause No. 13-19-00311-CV.  Cesar De Leon separately filed an appeal from the trial court's denial of his motion to dismiss the individual claims against him in Cause, No. 13-19-00393-CV.  DeLeon's appeal is not the subject of this order.

simultaneously advised the trial court he had done so and that the filing stayed all proceedings in the trial court until *after* this Court ruled on the interlocutory appeal of that order. *See id.* § 51.014(b). The trial court agreed and did not rule on anything further after the interlocutory appeal was brought to the trial court's attention.

## II. JURISDICTION

The trial court's order denied DeLeon's motion to dismiss pursuant to § 51.014(a)(5).[2] **"**An interlocutory appeal under Subsection (a)(3), (5), (8), or (12) . . . stays all other proceedings in the trial court pending resolution of that appeal." *Id.* § 51.014(b). Because subsection 51.014(b) specifically stays all proceedings in the trial court, the trial court found it had no authority to decide any of the other pending motions.

The City argues that the trial court's refusal to rule on its pleas to the jurisdiction invokes the implicit ruling doctrine and cites *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006). An order denying a plea to the jurisdiction on immunity grounds may be appealed pursuant to § 51.014(a)(8). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

In *Thomas*, the implicit ruling was predicated on the trial court's grant of affirmative relief to Long while at the same time failing to rule on Thomas's plea to the jurisdiction. *Thomas*, 207 S.W.3d at 339 The trial court did not have authority to grant the relief Long sought unless it affirmatively determined that it had jurisdiction. *Id.* at 340. The *Thomas* Court held that the trial court implicitly denied Thomas's plea to the jurisdiction by granting relief on the merits to Long. *Id.*

---

[2] Although the interlocutory appeal provision specifies that an order that "denies a motion for summary judgment . . . based on an assertion of immunity by an individual who is an officer of employee of . . . a political subdivision of the state," the Texas Supreme Court has held that § 51.014(a)(5) applies to other procedural vehicles, not just summary judgments. *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300 (Tex. 2011).

Here, the trial court became aware that DeLeon filed an instantaneous interlocutory appeal to this Court. According to § 51.014(b), all action in the trial court is stayed pending termination of the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b); *In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding). In *Geomet*, a party requested that the stay imposed by statute be lifted to allow the trial court to rule on the party's motion for temporary injunction and motion for contempt. *Id.* at 86. The appellate court lifted the stay for those proceedings in the trial court. The *Geomet* Court held that the appellate court did not have authority to allow the trial court to conduct proceedings because the statute did not allow them. *Id.* at 91.

The trial court correctly recognized it did not have the power to rule on the remaining motions here and adjourned the hearing. Because the trial court had no authority to rule on the remaining motions, it did not implicitly deny the pleas to the jurisdiction.

The Court grants Brownsville GMS's motion to dismiss the City's appeal of the denial of its plea to the jurisdiction for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a),(c).

GINA M. BENAVIDES,
Justice

Delivered and filed the
27th day of September, 2019.

4