**REVERSE and REMAND and Opinion Filed June 24, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-01019-CV

**THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, Appellant**

**V.**

**ANGELA MCCARTY, PERSONALLY AND AS NEXT FRIEND OF M.B., HER MINOR CHILD, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-01163-C**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

Appellant, the University of Texas Southwestern Medical Center (UT Southwestern), brings this interlocutory appeal[1] challenging the trial court's order denying as moot its motion to dismiss appellee Angela McCarty's claims against UT Southwestern physicians. In one issue, UT Southwestern argues the trial court erred

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5); *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011) (per curiam).

in denying the motion as moot and, instead, was required to dismiss the claims against the physicians with prejudice. We reverse and remand.

## Procedural Background

McCarty, personally and as next friend of M.B., her minor child, brought suit against Children's Medical Center of Dallas d/b/a Children's Health (Children's), UT Southwestern, UT Southwestern Health Systems, Renee Potera, M.D., Nishit Patel, M.D., Matthew Sherman, M.D., Colin Danko, M.D. and Bethany Cartwright, M.D. regarding the medical treatment of M.B. McCarty alleged that each physician was either an employee of a private corporation or Children's or, in the alternative, was employed by UT Southwestern Health Systems or UT Southwestern. Further, McCarty alleged that each doctor was either negligent as a private actor or that UT Southwestern or UT Southwestern Health Systems was negligent due to the wrongful acts and omissions of its employees.

Each physician answered and specially excepted to McCarty's petition on the ground that they each were an employee of a governmental unit—UT Southwestern—and, thus, suit should have been brought against UT Southwestern and they should be dismissed. UT Southwestern also argued the physicians should be dismissed in its Original Answer, Jury Demand, Motion to Dismiss Pursuant to Texas Tort Claims Act Section 101.106(e), Motion to Sever & Motion to Change the Style of the Case.

Children's also answered and specially excepted to McCarty's allegations that the physicians were employees of Children's. Children's asserted that the physicians were independent contractors.

A hearing was set for September 2, 2021, on UT Southwestern's motion to dismiss. Prior to the hearing, on August 10, 2021, McCarty filed a notice of nonsuit without prejudice as to the named physicians. McCarty also filed an amended petition naming only Children's and UT Southwestern as defendants. McCarty further alleged that the previously named physicians were acting in their capacity as employees of UT Southwestern. After filing her notice of nonsuit, McCarty filed a response to UT Southwestern's motion to dismiss arguing that the trial court should deny the motion because (1) it was moot, (2) UT Southwestern failed to prove the physicians were its employees, and (3) the relief requested was overbroad as she alleged claims outside of the Texas Tort Claims Act. UT Southwestern maintained that its physicians were entitled to dismissal with prejudice and argued that McCarty's amended petition was a judicial admission acknowledging the physicians were employed by UT Southwestern.

The trial court ultimately heard UT Southwestern's motion to dismiss on October 18, 2021. At the hearing, the trial court informed the parties that it no longer had jurisdiction because McCarty nonsuited the physicians and removed them from her pleadings. The trial court entered an order on November 1, 2021, finding that

all matters raised in the motion were moot and denied the motion as moot. This appeal followed.

## Dismissal under Section 101.106(e)

Under the Texas Tort Claims Act, a plaintiff must decide at the outset whether to sue the governmental entity on a theory of vicarious liability or its employees independently; a plaintiff cannot sue both. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106; *Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 536 (Tex. 2017). "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall *immediately be dismissed* on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (emphasis added). The supreme court has held that "this statutory right to dismissal accrues when the motion is filed and is not impaired by later amendments to the pleadings or motion." *Rios*, 542 S.W.3d at 532. Furthermore, "a plaintiff's nonsuit following a motion to dismiss does not operate to deny the movant a ruling on its motion." *Id.* at 537 (citing *Graham*, 347 S.W.3d at 301). Although Rios nonsuited the governmental unit in an attempt to move forward with its suit against the employees and not the governmental unit as the statute requires and McCarty did here, we nevertheless interpret *Rios* to mean that a plaintiff cannot deny a movant the *full* relief it is entitled under the statute by nonsuiting a party. *See id.*

Here, McCarty's notice of nonsuit was without prejudice. However, the statute requires the dismissal to be with prejudice because it bars further suit against, or recovery from, an individual employee of the governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) ("The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."); *see Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) (where party cannot cure jurisdictional defect, dismissal with prejudice is proper). Therefore, McCarty's nonsuit cannot be used to deny UT Southwestern the relief it was entitled: dismissal of its physicians with prejudice.

McCarty argues that UT Southwestern's motion did not trigger section 101.106(e) because it requested dismissal only if McCarty did not amend her petition to remove the physician defendants. Because she amended her petition and nonsuited the physicians, she argues UT Southwestern's attempts to dismiss them were moot as the physicians were no longer parties. UT Southwestern's motion to dismiss sought the following relief: "Defendant UT Southwestern respectfully requests Plaintiffs amend their petition immediately as required by the TTCA. Alternatively, should Plaintiffs fail to follow the statute, Defendant UT Southwestern respectfully requests and prays the Court enter an order dismissing Plaintiffs' claims against [the physicians] in their entirety and with prejudice."

McCarty did amend her petition as UT Southwestern requested; however, McCarty did not nonsuit the physicians with prejudice as required by section 101.106. UT Southwestern's motion requested McCarty to amend the petition "immediately as required by the TTCA" and, if she "fail[ed] to follow the statute," UT Southwestern requested the claims be dismissed with prejudice. McCarty did not follow the statute and, thus, UT Southwestern's request was not moot.

McCarty also argues that UT Southwestern's motion did not trigger section 101.106(e) because it lacked the required factual support showing the physicians were governmental employees. However, as the supreme court has explained, by the attorney general filing a motion to dismiss on behalf of public servants acknowledging that they were employed by a governmental unit, the governmental unit effectively confirmed that the physicians were employees of UT Southwestern acting within the scope of their employment and that UT Southwestern, not the physicians, was the proper party. *See Rios*, 542 S.W.3d at 535. Additionally, each physician individually answered and asserted that he or she was an employee of UT Southwestern. Therefore, UT Southwestern's motion was sufficient to invoke section 101.106(e)'s mandate that the employee physicians be immediately dismissed from the suit.

We conclude the trial court erred in dismissing UT Southwestern's motion to dismiss as moot and sustain its sole issue on appeal.

**Conclusion**

We reverse the order of the trial court dismissing as moot UT Southwestern's motion to dismiss the named physicians and remand this case to the trial court for further proceedings consistent with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

211019F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, Appellant

No. 05-21-01019-CV       V.

ANGELA MCCARTY, PERSONALLY AND AS NEXT FRIEND OF M.B., HER MINOR CHILD, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas Trial Court Cause No. CC-21-01163-C.

Opinion delivered by Justice Smith. Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED**, and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER recover its costs of this appeal from appellee ANGELA MCCARTY, PERSONALLY AND AS NEXT FRIEND OF M.B., HER MINOR CHILD.

Judgment entered this 24th day of June 2022.