COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name: Michael Wheeler, Ronald Raymaker, Jon Fletcher, John Escoto, Katherine Reyer, William Ferebee, Jacon Reuvers and Deborah Pilcher v. Law Office of Frank Powell & Frank C. Powell

Appellate case number: 01-22-00479-CV

Trial court case number: 2022-14468

Trial court: 61st District Court of Harris County

This is an accelerated appeal from the trial court's June 14, 2022 interlocutory order denying the motion to dismiss under the Texas Tort Claims Act filed by appellants Michael Wheeler, Ronald Raymaker, Jon Fletcher, John Escoto, Katherine Reyer, William Ferebee, Jacon Reuvers, and Deborah Pilcher. In filing their notice of appeal, appellants cited to Texas Civil Practice and Remedies Code section 51.014(a)(8).

Appellees, Law Office of Frank Powell and Frank C. Powell, have filed a motion to dismiss this appeal for lack of jurisdiction. Appellees argue that appellants cited to a statute that is inapplicable to the facts of the case. Appellees claim that this Court lacks jurisdiction because appellants filed a notice of appeal under Section 51.104(a)(8), which is applicable only to a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (permitting appeal from interlocutory order granting or denying plea to jurisdiction by governmental unit). Because appellees contend that none of the appellants were sued in their official capacity, appellees assert that the notice of appeal is defective.

But "a court of appeals has jurisdiction over an appeal when the appellant files an instrument that is 'a bona fide attempt to invoke appellate jurisdiction.'" *City of San Antonio v, Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (quoting *Grand Prairie Indep. Sch. Dist.. v. So. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991 (per curiam) (emphasis omitted). "[D]ecisions of the courts of appeals [should] turn on substance rather than procedural technicality." *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex. 1991).

On September 2, 2022, appellants filed a motion for leave to file an amended notice of appeal. Appellees oppose this motion. This motion notes that the amended notice of appeal cites to Section 51.014(a)(5) rather than 51.014(a)(8). Section 51.014(a)(5) permits an interlocutory appeal of the denial of summary judgment based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. *See* TEX. CIV. PRAC. &

REM. CODE § 51.014(a)(5). It is of no consequence that the judgment in this case does not involve a judgment denying a summary judgment motion asserting immunity. *See Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300–01 (Tex. 2011) (holding that Section 51.014(a)(5) is not limited to summary judgments but may apply to order denying motion to dismiss under Texas Tort Claims Act).

Rule 25.1(g) contemplates that a notice of appeal might be defective when filed and permits the filing of an amendment to correct the defect. *See* TEX. R. APP. P. 25.1(g). Although they oppose the motion for leave to amend the notice of appeal, appellees have not filed a written opposition arguing that the statute cited in the amended notice of appeal, Section 51.014(a)(5), is inapplicable. This, together with the Texas Supreme Court's admonishment for courts of appeals to avoid dismissal on procedural grounds when a party has made a bona fide attempt to invoke the appellate court's jurisdiction, requires us to apply the rules of procedure liberally to reach the merits of an appeal whenever possible. *See, e.g., Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008). Because appellants have moved to amend their notice of appeal and have now cited to a statute that appears to apply to the facts of this case, the motion to dismiss is **denied**.

The motion to amend the notice of appeal is **granted**. The amended notice of appeal was filed in the trial court on September 2, 2022 and is accepted by this Court as a valid amended notice of appeal.

It is so ORDERED.

Judge's signature: _____/s/ Richard Hightower_____
☑ Acting individually    ☐ Acting for the Court

Date: _October 6, 2022_____