

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00174-CV

Antonio G. **CANTU**,
Appellant

v.

**BEXAR COUNTY APPRAISAL DISTRICT** and Michael Amezquita,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI22041
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 16, 2023

DISMISSED FOR LACK OF JURISDICTION

In this interlocutory appeal, appellant Antonio G. Cantu attempts to appeal the trial court's order dismissing Michael Amezquita, Chief Appraiser for the Bexar County Appraisal District, from his property tax suit. Because we determine we do not have jurisdiction over this interlocutory appeal, we dismiss the appeal.

## BACKGROUND

Cantu filed a petition for review of his tax-valuation protest against appellee Bexar County Appraisal District ("BCAD") pursuant to chapter 42 of the Texas Tax Code. Cantu's suit also

named Michael Amezquita, the Chief Appraiser for BCAD, in his individual capacity as a defendant. Cantu's petition challenged BCAD's valuation of his home for the 2021 tax year.

While it is clear in his petition that Cantu asserted claims challenging the valuation of his property under the Texas Tax Code, it is unclear whether Cantu attempted to plead additional non-tax claims against BCAD or Amezquita.[1] For example, Cantu's petition stated Amezquita has increased Cantu's property valuation every year since 2019 in retaliation for Cantu's public criticism of Amezquita's job performance as Chief appraiser. Cantu also asserted Amezquita has "acted illegally" and "[a]ll of Amezquita's acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of [Cantu's] rights secured by the United States Constitution and numerous other [f]ederal and [s]tate [s]tatutes." Cantu further asserted "Amezquita's continuing acts of retaliation through conspiratorial acts are intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of [Cantu's] [c]onstitutional right and in violation of his oath under the Texas [t]ax [s]tatutory guarantees."

Among other things, Cantu's prayer requested the trial court enter judgment: (1) adjusting the tax valuation of his property, (2) declaring BCAD and Amezquita's treatment of Cantu "has been minimum capricious and arbitrary, or deliberately indifferent to Cantu's free speech rights and entitles Plaintiff to a refund of previously paid taxes on nonexistent property[,] or inappropriately assessed property, if any;" and (3) "against [BCAD] and [Amezquita], jointly and severally finding that the appraised value of the property was done in an illegal manner that exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted[.]"

---

[1] The Texas Tax Code specifically authorizes review of property valuations in the trial court through a petition for review filed against the appraisal district; however, it does not authorize the suit to be brought against the Chief Appraiser, Amezquita. *See SPX Corp. v. Altinger*, 614 S.W.3d 362, 374–75 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see also* TEX. TAX CODE ANN § 42.21(b).

Uncertain on whether Cantu was asserting claims in addition to his tax protest claims, BCAD filed a "Plea to the Jurisdiction and Motion to Dismiss Defendant Michael Amezquita Under [Texas Tort Claims Act] § 101.106(e)." The motion sought dismissal of any non-tax claims against BCAD and dismissal of Amezquita from the suit. The trial court signed an order "sustaining" BCAD's plea to the jurisdiction and granting the motion to dismiss Amezquita from the suit. Cantu appeals.

## DISCUSSION

In its motion, BCAD asserted the Texas Tort Claims Act leaves intact its sovereign immunity for non-tax claims arising "in connection with the assessment or collection of taxes by a governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(1). BCAD also asserted "Amezquita should be dismissed summarily from this lawsuit" pursuant to the election of remedies provision in subsection 101.106(e) of the Texas Tort Claims Act.[2] *See id.* § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.").

The trial court's order granting BCAD's plea to the jurisdiction and motion to dismiss Amezquita from the suit grants two separate requests for relief: (1) BCAD's plea to the jurisdiction requesting dismissal for non-tax claims arising in connection with the assessment of property taxes; and (2) the motion to dismiss Amezquita from the lawsuit entirely.[3] We must determine

---

[2] The prayer for relief in the plea to the jurisdiction and motion to dismiss only requested the trial court "grant the motion and immediately dismiss its employee, Michael Amezquita[,] from the suit under TEX. CIV. PRAC. & REM. CODE § 101.106(e)."

[3] The order in its entirety states:

> CAME ON TO BE HEARD, on February 28, 2022, Defendant, Bexar Appraisal District's Pleas to the Jurisdiction and Motion to Dismiss Defendant Michael Amezquita under TTCA § 101.106(e). After having considered the Plea and Motion, and the Response, the evidence and testimony presented, and the arguments of counsel, the Court finds that the Plea to the Jurisdiction should be SUSTAINED and the Motion to Dismiss should be GRANTED.

which of the relief granted Cantu appeals, and whether we have interlocutory jurisdiction over an order granting that relief. *Compare id.* § 51.014(a)(5) (emphasis added) (allowing interlocutory appeal of an order that "*denies* a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state"), *with id.* § 51.014(a)(8) (emphasis added) (allowing interlocutory appeal of an order that "*grants or denies* a plea to the jurisdiction by a governmental unit . . .").

Cantu's notice of appeal states he is giving "Notice of Appeal of the Court's Order Dismissing Defendant Michael Amezquita." Cantu filed a motion to modify the trial court's order granting the plea to the jurisdiction and motion to dismiss Amezquita. The motion also requested a stay of proceedings pending appeal. In this motion, Cantu states he "moves for a stay of this suit pending appeal of the Court's dispositive ruling dismissing Defendant Amezquita." Finally, Cantu's entire opening brief focuses solely on Amezquita's dismissal from the suit. In fact, Cantu concedes in his brief that "[t]he sole issue is whether the trial court improperly dismissed Defendant Michael Amezquita . . . from the pending lawsuit . . . ."

We conclude Cantu attempts to appeal only the trial court's order granting BCAD's motion to dismiss Amezquita from the lawsuit. Next, we must determine whether we have jurisdiction over this interlocutory appeal challenging the trial court's order granting BCAD's motion to dismiss Amezquita from the lawsuit.

"Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). "We

---

THEREFORE, it is HEREBY ORDERED that Bexar Appraisal District's Plea to the Jurisdiction is SUSTAINED and its Motion to Dismiss Defendant Michael Amezquita under TTCA § 101.106(e) is GRANTED. Consequently, Michael Amezquita, Individually, is HEREBY DISMISSED from this lawsuit with prejudice.

strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *Id.*

Here, Cantu's property tax claims against BCAD remain pending before the trial court. The record reflects Cantu considered severing his claims against Amezquita from the pending claims against BCAD. However, Cantu's motion to modify and stay further trial court proceedings expressly states "[Cantu] has decided not to pursue the severance." Because Cantu's property tax claims remain pending before the trial court, and Cantu has not severed his claims against Amezquita, the order appealed here is an interlocutory order rather than a final judgment. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (internal quotation marks and emphasis omitted) ("[A] judgment is final . . . if it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and parties."). Thus, Cantu is entitled to appeal the order granting BCAD's motion to dismiss Amezquita only if a statute authorizes the interlocutory appeal.

Section 51.014(a)(5) of the Texas Civil Practice and Remedies Code allows interlocutory appeal of an order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5). The Supreme Court of Texas has interpreted this to mean "that an appeal may be taken from orders denying an assertion of immunity, as provided in section 51.014(a)(5), regardless of the procedural vehicle used." *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011); *see also Univ. of Tex. Health Sci. Ctr. at Hous. v. Crowder*, 349 S.W.3d 640, 646 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("[T]his appeal satisfies all the required elements of an appeal under section 51.014(a)(5), and this court has appellate jurisdiction to review the trial court's order denying the Health Science Center's motion to dismiss under section 101.106(e)."). Much like the case at bar, the *Graham* court

analyzed whether section 51.014(a)(5) authorizes an interlocutory appeal of an order dismissing a state employee under subsection 101.106(e) of the Texas Tort Claims Act. *Graham*, 347 S.W.3d at 299. However, in *Graham*, the trial court denied the motion to dismiss the state employee and the *Graham* court held the state employee was entitled to an interlocutory appeal of the order denying the motion to dismiss. *Id.*

In contrast, Cantu attempts to appeal the trial court's order *granting* the motion to dismiss Amezquita from the underlying suit. "[T]he [l]egislature intentionally restricted the application of [section] 51.014(a)(5) . . . by allowing interlocutory appeals only from a denial of a motion for summary judgment . . . ." *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007). "[T]here is no other way to read [s]ection 51.014(a)(5) than to conclude that only an 'individual who is an officer or employee of the state or a political subdivision of the state' may appeal an interlocutory order denying a motion" to dismiss the individual from the suit based on an assertion of immunity. *Id.* at 843. We have found no other statute authorizing appeal of an interlocutory order granting a motion to dismiss an individual pursuant to subsection 101.106(e) of the Texas Tort Claims Act. *See Anderson v. Baker*, No. 09-08-257-CV, 2008 WL 4163891, at *1 (Tex. App.—Beaumont Sept. 11, 2008, no pet.) (mem. op.) (dismissing for lack of jurisdiction an interlocutory appeal from an order granting a motion to dismiss an individual under subsection 101.106(e) of the Texas Tort Claims Act).

Accordingly, Cantu is not entitled to an interlocutory appeal of the order granting the motion to dismiss Amezquita based on his assertion of immunity under subsection 101.106(e) of the Texas Tort Claims Act.

## CONCLUSION

Because we do not have jurisdiction over an interlocutory appeal of the order granting the motion to dismiss Amezquita under subsection 101.106(e) of the Texas Tort Claims Act, we must dismiss this appeal for lack of jurisdiction. All pending motions are denied.

Irene Rios, Justice