**Opinion issued November 25, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00180-CV

————————————

**CITY OF HOUSTON, Appellant**

**V.**

**EDWIN STEPHENS, ERIC STEPHENS, INDIVIDUALLY AND AS NEXT FRIEND OF L.S., A MINOR, Appellees**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-68428**

---

## MEMORANDUM OPINION

This appeal arises from a motor vehicle collision involving an on-duty Houston Police Department officer and a car driven by Appellee Eric Stephens, in which Appellees Edwin Stephens and L.S. were passengers. Appellees filed suit

against the City and an unknown driver also involved in the accident. The City filed a motion to dismiss under Rule of Civil Procedure 91a asserting governmental immunity under the Texas Tort Claims Act.[1] The trial court denied the motion.

On appeal, the City argues the trial court erred in denying its Rule 91a motion because Appellees did not allege facts invoking waiver of the City's immunity under the TTCA, and even if they did, they did not allege facts negating the emergency or 9-1-1 exceptions to a waiver of immunity under the TTCA.

We reverse and render judgment dismissing Appellees' claims against the City of Houston for lack of jurisdiction.[2]

## Background

On June 4, 2023, Appellee Eric Stephens was driving eastbound in the left lane of West Fuqua Street in Houston, Texas. Appellees Edwin Stephens and L.S. were passengers in the car. Another car was traveling eastbound in the right lane. Suddenly and without warning, an unknown driver drove his car between Appellees' car and the car on the right lane resulting in a sideswipe collision with Appellees'

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 101.001, et seq. ("TTCA").

[2] In its first issue, the City also argues for the first time on appeal that Appellees failed to comply with the notice requirement under the Texas Tort Claims Act and therefore the court lacked jurisdiction. Because the City's third issue is dispositive, we do not reach this issue. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("When defendants challenge jurisdiction on multiple grounds, courts are [] not duty-bound to address them all if any one of them warrants dismissal . . . .").

car. Moments later, a Houston police officer pursuing the unknown driver in a police car side-swiped Appellees' car.

Appellees filed suit against the City of Houston for negligence alleging the police officer's actions in side-swiping their car caused them to sustain "serious bodily injuries." Appellees argued the court had jurisdiction over their claims under Section 101.021 of the TTCA because the act waives governmental immunity for claims involving personal injury arising from a governmental unit employee's negligent operation or use of a motor-drive vehicle.

After Appellees filed their Second Amended Petition, the City filed a Rule 91a Motion to Dismiss ("Motion to Dismiss") seeking dismissal of Appellees' claims for lack of jurisdiction. The City argued that Appellees had not pled facts establishing a waiver of immunity under the TTCA or negating application of the emergency and 9-1-1 exceptions to the TTCA's waiver of immunity and further, that their pleadings admitted application of the emergency exception.

In their original and amended response to the City's Motion to Dismiss, Appellees argued "official immunity is a common-law affirmative defense" and thus it was the City's burden "to establish the elements of that defense." They further argued that a Rule 91a motion may be granted only if the plaintiff's pleadings conclusively establish any affirmative defense upon which the Rule 91a motion is based, and that their Second Amended Petition did not establish the affirmative

3

defense asserted by the City. Appellees argued that there were insufficient facts pled in their Second Amended Petition to determine whether the emergency exception was applicable. Finally, they argued that the City's jurisdictional challenge should have been asserted in a plea to the jurisdiction. In responding to the City's Motion to Dismiss, Appellees relied on the allegations in their Second Amended Petition.[3]

The City filed a reply in support of their motion arguing it was Appellees' burden to establish the trial court's jurisdiction by alleging facts conclusively establishing a waiver of immunity under the TTCA and negating any applicable exceptions to such waiver. Because Appellees had not negated the 9-1-1 and emergency exception implicated by their own pleadings, the City argued dismissal for lack of jurisdiction was proper.

The day after the City filed its reply, Appellees filed a Third Amended Petition. The record does not reflect they moved for leave to file the amended pleading. The City filed an objection to the Third Amended Petition arguing the court was not permitted to consider the amended pleading because the pleading was not filed three days prior to the Rule 91a motion hearing date. A few days later, the trial court denied the City's Motion to Dismiss. This interlocutory appeal ensued.[4]

---

[3] Appellees attached their Second Amended Petition to their original response, and they also referenced the Second Amended Petition in their amended response.

[4] Although the denial of a Rule 91a motion generally is not appealable, there are exceptions, such as when a Rule 91a motion challenges a trial court's subject-matter jurisdiction based on governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE

4

**Applicable Law and Standard of Review**

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action that "has no basis in law or fact." *See* TEX. R. CIV. P. 91a.1; *Burns v. EMD Supply Inc.*, No. 01-22-00929-CV, 2024 WL 1558720, at *5 (Tex. App.—Houston [1st Dist.] Apr. 11, 2024, no pet.) (mem. op.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see also Burns*, 2024 WL 1558720, at *5 (same). There are generally two circumstances where a cause of action has no basis in law: (1) when the plaintiff fails to plead a "viable, legally cognizable" cause of action, or (2) when the plaintiff has alleged facts that negate entitlement to the relief requested. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi-Edinburg 2017, no pet.); *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.). We review a trial court's ruling on a Rule 91a motion de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020).

---

§ 51.014(a)(5)); *Hung v. Davis*, No. 01-20-00746-CV, 2022 WL 1008805, at *3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2022, no pet.) (explaining that although denials of Rule 91a motions are generally not appealable, there are exceptions, such as challenges to trial court's subject-matter jurisdiction). The Texas Supreme Court has recognized that "an appeal may be taken from orders denying an assertion of immunity . . . regardless of the procedural vehicle used." *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011).

A court may not consider evidence when ruling on a Rule 91a motion. TEX. R. CIV. P. 91a.6. It must "decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" allowed by Rule 59 of the Texas Rules of Civil Procedure.[5] *Id.* A Rule 91a motion may be premised on affirmative defenses, in which case the court may consider the defendant's pleadings. *See Bethel*, 595 S.W.3d at 656 (noting trial court may consider defendant's pleadings to determine whether affirmative defense is properly before court). "Rule 91a permits motions to dismiss based on affirmative defenses 'if the [claimant's] allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.'" *Id.* (quoting TEX. R. CIV. P. 91a.1); *see also City of Houston v. Houston Metro Sec.*, No. 01-22-00532-CV, 2023 WL 2602520, at *3 (Tex. App.—Houston [1st Dist.] Mar. 23, 2023, no pet.) (mem. op.) ("Immunity from suit may be asserted through a Rule 91a motion to dismiss."); *City of Houston v. Boodoosingh*, 693 S.W.3d 894, 896 n.1 (Tex. App.—Houston [14th Dist.] June 27, 2024, no pet.) (noting Rule 91a motion to dismiss is appropriate vehicle for governmental entity to assert trial court lacked subject-matter jurisdiction because entity had not waived immunity). If an affirmative defense on which a Rule 91a

---

[5] Texas Rule of Civil Procedure 59 provides that "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings . . . and shall be deemed a part thereof for all purposes." TEX. R. CIV. P. 59.

motion is based cannot be "conclusively established" by the facts pled in the plaintiff's petition and requires evidentiary consideration, the defense is "not a proper basis for a [Rule 91a] motion to dismiss." *Bethel*, 595 S.W.3d at 656.

**Governmental Immunity**

Subject matter jurisdiction is implicit in a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). To establish subject matter jurisdiction, a plaintiff must allege facts that demonstrate affirmatively the court's jurisdiction to hear his claims. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Governmental immunity protects political subdivisions of the state from lawsuits and liability for monetary damages unless their immunity is waived. *See Schroeder v. Escalera Ranch Owners' Ass'n, Inc.*, 646 S.W.3d 329, 332 (Tex. 2022); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages.") (citation omitted). As political subdivisions of the State, cities are "immune from suit unless [their] immunity is waived by state law." *City of Austin v. Powell*, 704 S.W.3d 437, 448 (Tex. 2024) (quoting *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022)).

The TTCA waives immunity from suit for negligent acts in certain circumstances. Relevant to the issues here, the TTCA waives governmental immunity for claims involving the negligent use or operation of a motor vehicle. Section 101.021 provides that a governmental unit in the state is liable for:

(1)   property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A)   the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B)   the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE § 101.021(1).

**Analysis**

While the TTCA waives the City's immunity for certain torts, that waiver is not absolute. *City of Houston v. Gomez*, 716 S.W.3d 161, 165 (Tex. 2025). The TTCA provides exceptions to the waiver of immunity in Section 101.021. *Powell*, 704 S.W.3d at 449. Thus, in addition to satisfying the statutory provisions of the TTCA "that clearly and affirmatively waive immunity," a TTCA plaintiff must "expressly negate" any statutory exceptions that are "plausibly implicate[d]" by the plaintiff's allegations. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867–68 (Tex. 2023); *see also City of Houston v. Hernandez*, No. 01-24-00031-CV, 2024 WL 3817374, at *5 (Tex. App.—Houston [1st Dist.] Aug. 15, 2024, pet. filed) (mem.

8

op.) ("To establish the trial court's jurisdiction, a TTCA plaintiff must (1) satisfy the statutory provisions, such as section 101.021(1), 'that clearly waive immunity' and (2) 'expressly negate' any statutory exceptions 'plausibly implicated' by the plaintiff's allegations.") (citing *Rattray*, 662 S.W.3d at 867–68). "When [an] exception applies, the [TTCA] is unavailable as a waiver of immunity even if the facts otherwise fall within a waiver found in Section 101.021." *City of Houston v. Davis*, No. 01-13-00600-CV, 2014 WL 1678907, at \*4 (Tex. App.—Houston [1st Dist.] Apr. 24, 2014, pet. denied) (mem. op.); *see also Rattray*, 662 S.W.3d at 867 ("The [TTCA] may waive immunity in one breath and in the next take back part of the waiver.").

In their third issue, the City argues that Appellees failed to plead facts negating the emergency or 9-1-1 exceptions to the TTCA's limited waiver of immunity and therefore dismissal was proper. Appellees argue that their live pleading establishes a waiver of governmental immunity and "overcomes the emergency or 9-1-1 exception."

## A. The Live Pleading

Appellees argue that their Third Amended Petition was the "live pleading" when the trial court ruled on the Motion to Dismiss, while the City argues that Appellees' Second Amended Petition was the live pleading and governs our analysis. We agree with the City.

9

When the City filed its Motion to Dismiss, the live pleading was the Second Amended Petition. The day after the City filed its reply, Appellees filed their Third Amended Petition without leave of court. The City filed an objection to the Third Amended Petition arguing that under Rule 91a.5, the petition was untimely and could not be considered by the court.

Rule 91a.5(b) provides that a plaintiff may "amend[] the challenged cause of action at least 3 days before the date" of the hearing on the Rule 91a motion. TEX. R. CIV. P. 91a.5(b). A timely amendment gives the movant the opportunity to withdraw its motion or file an amended motion addressing the amended cause of action. *See id.* In ruling on a Rule 91a motion, "the court must not consider a nonsuit or amendment not filed as permitted by" Rule 91a.5(b). *Id.* 91a.5(c).

The City set its Motion to Dismiss for submission on Monday, February 17. Rule 4 of Civil Procedure states that "Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules" except for time computations in connection with Rules 21 (filing and service of pleadings and motions) and 21a (methods of service). TEX. R. CIV. P. 4. Thus, to be timely under Rule 91a.5 and Rule 4, Appellees had to file any amended pleadings by Wednesday, February 12. Appellants did not file their Third Amended Petition until two days later. Consequently, Rule 91a.5 precluded the trial court from considering the third amended pleading in ruling on the City's Rule 91a motion. *See*

10

*Seger v. Branda*, No. 01-21-00224-CV, 2022 WL 17981559, at *4 (Tex App. Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.) ("Because Dr. Seger did not file his third amended petition 'at least 3 days before the date of the hearing' as permitted by Rule 91a.5, the trial court could not consider it in ruling on the motion."); *see also Zawislak v. Moskow*, No. 03-18-00280-CV, 2019 WL 2202209, at *3, n.4 (Tex. App.—Austin May 22, 2019, no pet.) (mem. op.) (noting Rule 4 would apply to preclude late-filed amended pleading in Rule 91a proceeding).

We further note that it appears the trial court properly considered only the Second Amended Petition in ruling on the City's motion. The trial court's order denying the City's motion states that it considered "the Motion [to Dismiss], Plaintiffs' Response and Defendant's Reply to Plaintiffs' Response." The City's motion, the City's reply, and Appellees' original and amended response referred only to the Second Amended Petition. We thus conclude that as required, the trial court considered the Second Amended Petition when ruling on the City's Motion to Dismiss.[6] We thus limit our analysis to that pleading.

---

[6] To the extent the trial court considered the Third Amended Petition, we conclude the trial court erred. *See* Tex. R. Civ. P. 91a.5(c) ("In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted" by Rule 91a.5(b)).

**B.     The Emergency and 9-1-1 Exceptions**

In their Second Amended Petition, Appellees alleged that while riding as passengers in a car traveling on Fuqua Street, "[s]uddenly, and without warning, an [unknown driver] passed between [their] car" and another car sideswiping their car. They allege that "[m]oments later, a vehicle driven by an officer of the Houston Police Department side-swiped [their car] while in pursuit of the [unknown driver]." We agree with the City that these allegations "plausibly implicate" the emergency and 9-1-1 exceptions.

Section 101.055(2) of the TTCA sets forth the emergency exception. It provides that

> This chapter does not apply to a claim arising:
>
> (2)     from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

TEX. CIV. PRAC. & REM. CODE § 101.055(2).  The emergency exception thus

> withdraws the waiver of immunity *unless* (1) the officer did not comply with "the laws and ordinances applicable to emergency action," or (2) in the absence of such laws, the officer acted "with conscious indifference or reckless disregard for the safety of others."

*Gomez*, 716 S.W.3d at 165 (emphasis in original) (quoting *Powell*, 704 S.W.3d at 449) (quoting TEX. CIV. PRAC. & REM. CODE § 101.055(2)).

12

The emergency exception "contemplates two distinct inquiries to be undertaken in a particular order." *Powell*, 704 S.W.3d at 449. A court must first determine whether any laws or ordinances apply to the emergency action at issue. *Id.* If a law or ordinance applies wholly or partly to the emergency action, then "the jurisdictional inquiry turns on whether the officer's action complied with the relevant law or ordinance." *Id.* The court considers only laws applicable to emergency action. *Id.* at 451 ("[G]enerally applicable rules of the road that do not specifically address or reference emergencies are not applicable to emergency action for purposes of the emergency exception."). If no law or ordinance applies to any part of the emergency action, the court must then consider whether the officer acted with conscious indifference or reckless disregard for the safety of others. *Id.* at 446.[7] The statutory standard for reckless driving is enumerated by the Transportation Code as driving "a vehicle in wil[l]ful or wanton disregard for the safety of persons or property." *Gomez*, 716 S.W.3d at 165 (citing TEX. TRANSP. CODE § 545.401(a)).

Similarly, Section 101.062 of the TTCA concerning the 9-1-1 emergency service exception provides that "[t]his chapter applies to a claim against a public agency that arises from an action of an employee of the public agency . . . and that

---

[7] As the City argues, the emergency exception further "requires a causal nexus between the plaintiff's claim and the government employee's reckless or illegal action." *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 531 (Tex. 2022) (citing TEX. CIV. PRAC. & REM. CODE § 101.055(2)).

13

involves providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action." TEX. CIV. PRAC. & REM. CODE § 101.062(b). Both the emergency and 9-1-1 exceptions require a plaintiff to establish the public employee's actions violated an applicable statute, ordinance, or law. *City of Houston v. Hernandez*, No. 14-23-00916-CV, 2024 WL 3867828, at *2 (Tex. App.—Houston [14th Dist.] Aug. 20, 2024, no pet.) (mem. op.).

We agree with the City that in their Second Amended Petition, Appellees do not allege sufficient facts negating the emergency or 9-1-1 exceptions. Appellees allege that the police officer "had a duty to exercise ordinary care and operate his vehicle in a reasonable and prudent manner." They allege that the officer "breached his duty to act as a reasonably prudent person by, *inter alia*, the following: (a) failing to keep a proper lookout; (b) failing to timely apply his breaks to avoid the collision; and (c) failing to maintain proper attention." They conclude by noting that the officer's negligence was "both the cause-in-fact and a proximate cause of [their] damages."

Appellees do not identify any law or ordinance applicable to the emergency action at issue which they contend the officer failed to comply with. Nor do they allege that the officer acted with conscious indifference or reckless disregard for the safety of others. *See Rattray*, 662 S.W.3d at 866–67 (explaining that plaintiff must

14

plead facts satisfying provisions of TTCA waiving immunity and negating any provisions of TTCA creating exceptions to waiver of immunity). Because Appellees failed to negate the application of the emergency and 9-1-1 exceptions, the trial court erred in denying the City's Motion to Dismiss. *See Pecan Valley Mental Health Mental Retardation Region Operating as Pecan Valley Ctrs. for Behavioral & Developmental Healthcare v. Doe*, 678 S.W.3d 577, 586 (Tex. App.—Eastland 2023, pet. denied) (noting that without waiver of government unit's immunity, trial court lacks subject matter jurisdiction in TTCA case); *City of Houston v. Carrizales*, No. 01-20-00699-CV, 2021 WL 3556216, at *6 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, pet. denied) (mem. op.) (holding in TTCA case that trial court lacked subject matter jurisdiction over suit because City's immunity was not waived).

We sustain the City's third issue.[8]

## Conclusion

We reverse the trial court's order and render judgment dismissing Appellees' claims against the City of Houston for lack of jurisdiction.

---

[8] Because the City's third issue is dispositive, we need not address the City's remaining issues. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). "If a court determines that it lacks jurisdiction, it is obligated to go no further and dismiss." *Lexington v. Treece*, No. 01-17-00228-CV, 2021 WL 2931354, at *14 (Tex. App.—Houston [1st Dist.] July 13, 2021, pet. denied) (mem. op.) (citing *Dall. Cty. Republican Party v. Dall. Cty. Democratic Party*, No. 05-18-00916-CV, 2019 WL 4010776, at *4 (Tex. App.—Dallas Aug. 26, 2019, pet. denied) (mem. op.)).

15

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.